CREATORE, Appellant,

v.

ROBERT W. BAIRD & CO., Appellee.

[Cite as *Creatore v. Robert W. Baird & Co.*, 154 Ohio App.3d 316, 2003-Ohio-5009.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 02–CA–89.

Decided Sept. 18, 2003.

James S. Jones, for appellant.

Dennis J. Concilla; and Brian D. Trexell, pro hac vice, for appellee.

---

GENE DONOFRIO, Judge.

{¶ 1} Plaintiff-appellant, Michael W. Creatore, appeals from a Mahoning County Common Pleas Court decision denying his motion to vacate an arbitration award in favor of his former employer, defendant-appellee, Robert W. Baird & Co.

{¶ 2} Appellant is a licensed securities broker and financial planner. Appellee is a Wisconsin-based New York Stock Exchange member and licensed broker-dealer. The initial dispute arose after appellant ended his employment with appellee in January 2000. After appellant tendered his resignation, appellee initiated a National Association of Securities Dealers ("NASD") claim against appellant for failure to repay money appellee advanced to him. Appellee had advanced $52,500 to appellant upon commencement of his employment. Appellee advanced the disputed money by way of a promissory note wherein appellee agreed to forgive $870.83 for each month that appellant remained employed by appellee. Appellant resigned on January 7, 2000, allegedly leaving behind a balance of $40,058.38 due on the note, which gave rise to appellee's claim. Appellant filed a counterclaim seeking damages for lost clients and sales and retirement money appellee allegedly confiscated. The matter proceeded before a NASD arbitrator in Chicago on March 8, 2001. On April 12, 2001, the arbitrator awarded appellee its entire damage claim and dismissed appellant's counterclaim.

{¶ 3} Appellant filed a motion in the trial court to vacate the arbitration award on May 1, 2001. The trial court denied the motion on April 4, 2002. Appellant timely filed his notice of appeal on May 6, 2002.

{¶ 4} Appellant raises three assignments of error, the first of which states:

{¶ 5} "It was error for the trial court to dismiss plaintiff/appellant's motion to vacate the NASD arbitration award because the NASD arbitrator exceeded his power in contravention of Ohio Revised Code 2711(D) [sic]."

{¶ 6} Although appellant submitted only one counterclaim to the arbitrator, he premised it upon several issues. Appellant alleges that his complaint was based on broken promises by appellee that it would (1) permit him to continue advertising and furnish him with an advertising budget consistent with that of his former employer; (2) pay him certain commissions; (3) provide a broker-to-sales assistant ratio of two-to-one; (4) provide him with certain software; (5) provide him with certain "phone-in" accounts; (6) permit him to sell life insurance and receive 100 percent of the profits; and (7) immediately vest his interest in a profit-sharing plan. Additionally, appellant alleged that he lost income due to appellee's counsel's ineffective assistance in handling a legal matter involving appellant's former employer.

{¶ 7} Appellant contends that his counterclaim involving insurance commissions was not properly before the arbitrator because under Rule 10101 of the NASD code of arbitration procedure, "disputes involving the insurance business of any member [of NASD] which is also an insurance company" are ineligible for submission before an arbitration panel. Next, he claims that his counterclaim regarding the alleged ineffective counsel appellee provided him with was not properly before the arbitrator because the issue of whether appellee's attorney committed malpractice in her representation of him is not a matter contemplated by NASD Rule 10101. Additionally, appellant argues that the issue surrounding his profit sharing is a matter governed by ERISA, and was not properly before the arbitrator.

{¶ 8} Upon an appeal from an arbitration award, a common pleas court is precluded from examining the actual merits upon which the award is based. *Ford Hull–Mar Nursing Home, Inc. v. Marr, Knapp, Crawfis & Assoc., Inc.* (2000), 138 Ohio App.3d 174, 179, 740 N.E.2d 729. Likewise, this court must confine our review of arbitration proceedings to an evaluation of the order issued by the common pleas court and determine whether the trial court erred as a matter of law. *Union Twp. Bd. of Trustees v. Fraternal Order of Police, Ohio Valley Lodge No. 112,* 146 Ohio App.3d 456, 2001-Ohio-8674, 766 N.E.2d 1027, at ¶ 6. We have noted that "[t]he overriding policy reason for this limited form of review is founded upon the principle that when parties voluntarily agree to submit their dispute to binding arbitration, they agree to accept the result regardless of its legal or factual accuracy." *Ford Hull–Mar Nursing Home,* 138 Ohio App.3d at 179, 740 N.E.2d 729, citing *Cleveland v. Fraternal Order of Police, Lodge No. 8* (1991), 76 Ohio App.3d 755, 603 N.E.2d 351.

{¶ 9} In this case, appellant voluntarily submitted his counterclaim to the arbitrator. The Tenth District recently noted:

{¶ 10} "Courts in Ohio are generally in accord with the clear weight of authority in other jurisdictions holding that a party who allows a dispute to go to

arbitration and voluntarily participates in arbitration proceedings, without objection or challenge to the authority, jurisdiction or power of the arbitrator to resolve a particular dispute, is deemed to have consented to the arbitration and is estopped from contesting the arbitrator's authority after suffering an adverse arbitration award." *Huffman v. Huffman,* 10th Dist. Nos. 02AP–101 and 02AP–698, 2002-Ohio-6031, 2002 WL 31466435, at ¶ 26.

{¶ 11} Other districts have explained the reasoning for applying estoppel to cases where a party, after submitting its claims for arbitration, argues that an arbitrator was without authority to hear the claims as follows:

{¶ 12} " 'First, the application of estoppel in such a case prevents a party from taking two bites of the same apple, i.e., submitting the case for arbitration and raising the arbitrator's lack of authority to hear the issues only in the event that an adverse award is rendered. Second, by applying estoppel to such a case a party is prevented from subjecting its opponent to a costly arbitration procedure only to later assert that the arbitrator has no jurisdiction over the dispute.' " *E.S. Gallon Co., L.P.A. v. Deutsch* (2001), 142 Ohio App.3d 137, 141, 754 N.E.2d 291, quoting *Vermilion v. Willard Constr. Co.* (July 19, 1995), 9th Dist. No. 94CA006008, 1995 WL 434371.

{¶ 13} In the case at bar, appellant voluntarily submitted his counterclaim to the arbitrator by filing the counterclaim in a case proceeding before the NASD Department of Arbitration. Furthermore, appellant never objected to the arbitrator's authority or jurisdiction to hear his counterclaim at the hearing. To the contrary, appellant gave oral confirmation of his acceptance of the arbitrator. Therefore, appellant cannot contest the arbitrator's authority to rule on his counterclaim now that the arbitrator has issued an award adverse to him. Thus, appellant's first assignment of error is without merit.

{¶ 14} Appellant's second assignment of error states:

{¶ 15} "It was error for the trial court to dismiss plaintiff/appellant's motion to vacate the NASD arbitration award because the NASD arbitrator imperfectly executed his power in contravention of Ohio Revised Code 2711(D) [sic]."

{¶ 16} Appellant argues that, while a reviewing court's power to vacate or overturn an arbitration award is limited, an exception exists under R.C. 2711.10(D), where a court can overturn an arbitrator's award if the arbitrator so imperfectly executed his powers as to cause an irrational result. Appellant argues that the agreement at issue here was the oral employment contract negotiated between the parties. Further, appellant contends, the evidence before the arbitrator was that appellee had committed several breaches of contract. However, appellant continues, the arbitrator, without finding that appellee did not breach the agreement, dismissed his counterclaim. Appellant concludes that

the trial court ignored the evidence before it and improperly upheld the arbitrator's decision. Additionally, appellant contends that we must vacate the arbitrator's award because the arbitrator failed to issue findings of fact. He urges this court to take the position that arbitration awards must be supported by findings of fact.

{¶ 17} R.C. 2711.10 provides that a trial court shall vacate an arbitrator's award upon a party's application if, among other circumstances, the arbitrator exceeded his powers, "or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Nothing in the record indicates that the arbitrator exceeded his powers. The arbitrator heard evidence on all matters before him. He listened to extensive testimony from appellant and from John Moore, appellee's Youngstown branch manager. He also questioned appellant himself. The arbitrator then ruled on the two matters the parties submitted to him: appellee's claim and appellant's counterclaim. We can find no indication that the trial court erred as a matter of law in refusing to vacate the arbitrator's award.

{¶ 18} As to appellant's claim that we must vacate or remand the award because the arbitrator failed to file findings of fact, this court has held that the validity of an arbitration award is unaffected by the lack of written findings of fact and conclusions of law. *Ford Hull–Mar Nursing Home, Inc.,* 138 Ohio App.3d at 181, 740 N.E.2d 729. We noted that "[t]his is so because upon appeal, the reviewing court is precluded by statute from examining any legal and/or factual merits of a decision rendered pursuant to binding arbitration in the absence of fraud or bad faith on the part of the arbitrator." Id. at 181–182, 740 N.E.2d 729, citing *Menardi v. Petrigalla* (1983), 11 Ohio App.3d 9, 11 OBR 21, 462 N.E.2d 1246, at the syllabus.

{¶ 19} Accordingly, appellant's second assignment of error is without merit.

{¶ 20} Appellant's third assignment of error states:

{¶ 21} "It was error for the trial court to fail to conduct an evidentiary hearing and create a judicial record in view of the fact that there existed no findings of fact or evidentiary transcript from the arbitration hearing."

{¶ 22} Appellant contends that according to Civ.R. 52, the trial court was required to hold an evidentiary hearing on his motion to vacate the arbitrator's award and then issue findings of fact, especially in light of the fact that the arbitrator failed to issue findings of fact.

{¶ 23} Civ.R. 52 provides:

{¶ 24} "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing

requests otherwise before the entry of judgment pursuant to Civ. R. 58, * * * in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.

{¶ 25} "* * *

{¶ 26} "Findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56."

{¶ 27} In this case, the trial court did not, nor should it have, tried questions of fact relating to the arbitrator's award. The trial court was precluded from examining the actual merits upon which the arbitration award was based. *Ford Hull–Mar Nursing Home, Inc.*, 138 Ohio App.3d at 179, 740 N.E.2d 729. Instead, it was limited to reviewing the record for fraud, corruption, misconduct, or improprieties of the arbitrator. *Russo v. Chittick* (1988), 48 Ohio App.3d 101, 104, 548 N.E.2d 314, citing *Goodyear Tire & Rubber Co. v. Local Union No. 200* (1975), 42 Ohio St.2d 516, 71 O.O.2d 509, 330 N.E.2d 703. The trial court was without authority to review the arbitrator's legal and factual conclusions. Id. Furthermore, appellant did not request findings of fact from the trial court. Finally, as we stated above, the arbitrator was not required to issue findings of fact. *Ford Hull–Mar Nursing Home, Inc.*, 138 Ohio App.3d at 181, 740 N.E.2d 729. Therefore, appellant's third assignment of error is without merit.

{¶ 28} Last, we must address appellee's contention that this appeal is frivolous and that it is entitled to recover the costs and fees it has incurred in defending the appeal. This court has articulated that "[w]hether conduct is frivolous is determined on a case-by-case basis. What may be a frivolous claim in one case may not necessarily be frivolous in another case." *Moore v. Steubenville* (Sept. 15, 1995), 7th Dist. No. 94–J–67, 1995 WL 549101.

{¶ 29} While the law in this case is clear that an arbitrator is not required to issue findings of fact and that the trial court was not required to conduct a merit review, appellant may still lobby this court for a change in the law. Appellant presented reasonable arguments supported by case law in favor of his position. Accordingly, appellee's contention that appellant's appeal is frivolous and request for attorney fees is without merit.

{¶ 30} For the reasons stated above, the trial court's judgment is hereby affirmed.

Judgment affirmed.

WAITE, P.J., and VUKOVICH, J., concur.