{¶ 1} Appellant/cross-appellee, Woodbridge Homes, Inc. ("Woodbridge"), appeals from the trial court's order, which modified an arbitration award. Appellees/ cross-appellants, David and Mary Ann Lombardy, et al. ("the Lombardys") cross-appeal the same order for its failure to vacate the entire arbitration award.[1] Upon review of the record and the arguments of the parties, we affirm in part, reverse in part, and remand to the lower court for further proceedings consistent with this opinion. *Page 3 
 {¶ 2} This litigation began when Woodbridge filed a foreclosure complaint against the Lombardys on October 21, 2003. The complaint stemmed from unpaid invoices for contracted construction at the Lombardy's home. The Lombardys filed their answer to the complaint along with a counterclaim, which alleged a lack of workmanship and related claims, and a third-party complaint against David Ducas, the owner of Woodbridge.
 {¶ 3} The case was set for trial on October 25, 2004, but on that date the parties agreed to dismiss various allegations and to resolve the remaining claims through binding arbitration. The particulars of the agreement were executed, and a stipulation was filed on January 24, 2005. The order implementing the agreement and stipulations imposing binding arbitration on the parties was journalized on February 7, 2005.
 {¶ 4} Thereafter the parties chose an arbitrator, and the matter was heard on four separate days spread over several months. On December 22, 2005, the arbitrator issued an award holding that the Lombardys owed Woodbridge $84,019.09 in unpaid invoices, but that the Lombardys were entitled to set-offs in the amount of $24,000 because of improper workmanship by Woodbridge. The arbitration resulted in a total award of $60,019.09 in favor of Woodbridge.
 {¶ 5} On December 28, 2005, Woodbridge filed an application for an order to confirm the arbitrator's award of $60,019.09, plus interest. The Lombardys filed an *Page 4 
opposition to the application on January 3, 2006, and on January 9, 2006, they filed a motion to vacate, or in the alternative, modify the arbitrator's award. On April 11, 2006, the trial court denied both Woodbridge's motion to confirm and the Lombardy's motion to vacate; however, the trial court granted the motion to modify the arbitrator's award and reduced the award from $60,019.09 to $35,034.09.
 {¶ 6} On April 28, 2006, Woodbridge filed a notice of appeal from the trial court's ruling, and on May 8, 2006, the Lombardys filed a notice of cross-appeal.[2] *Page 5 
 Standard of Review {¶ 7} "A party may appeal a trial court's order that confirms, modifies, corrects, or vacates an arbitration award. Warren Educ. Assoc.v. Warren City Bd. of Educ. (1985), 18 Ohio St.3d 170, 18 Ohio B. 225,48 N.E.2d 456 * * *, quoting Lockhart v. American Res. Ins. Co. (1981),2 Ohio App.3d 99, 101, 2 Ohio B. 112, 440 N.E.2d 1210. An appellate court reviews the trial court's order to discern whether an error as a matter of law occurred. Bd. of Trs., Union Twp., Clermont County v. FOP, OhioValley Lodge No. 112, 146 Ohio App.3d 456, 459, 2001-Ohio-8674,766 N.E.2d 1027 * * *." Akron Metro. Hous. Auth. v. Local 2517, AFSCME,161 Ohio App.3d 594, 596, 2005-Ohio-2965. Therefore, this court reviews the trial court's order de novo without deference to the trial court's determinations. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241; see, also Brown v. County Comm'rs (1993),87 Ohio App.3d 704, 711, 622 N.E.2d 1153.
 Lombardy's Cross Appeal {¶ 8} We first examine the merits of the Lombardy's cross-appeal. They contend that the trial court erred in failing to vacate the arbitrator's award, and they raise various arguments in support of their contention. Upon review of the record and applicable law, we find no merit to their arguments.
 {¶ 9} It is well settled that judicial review of an arbitration award is narrowly circumscribed by R.C. 2711.10 and R.C. 2711.11. Huber Hts.v. Fraternal Order of *Page 6 Police (1991), 73 Ohio App.3d 68, 596 N.E.2d 571; Goodyear v. LocalUnion No. 200 (1975), 42 Ohio St.2d 519, 330 N.E.2d 703, paragraph two of the syllabus. A common pleas court is limited to ascertaining whether fraud, corruption, misconduct, arbitration impropriety, or evident mistake made the award unjust or unconscionable. Russo v. Chittick
(1988), 48 Ohio App.3d 101, 548 N.E.2d 314.
 {¶ 10} A trial court has the power to vacate an arbitration award only on certain enumerated grounds. R.C. 2711.10 provides that the trial court may vacate an arbitrator's award if: 1) the award was procured by corruption, fraud, or undue means; 2) there is evident partiality or corruption on the part of the arbitrators, or any of them; 3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or 4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
 {¶ 11} In their cross-appeal, the Lombardys assert three assignments of error arguing that the trial court should have vacated the arbitrator's award. Their focus is on the contention that the award was erroneous because the arbitrator did not appropriately apply contract law; however, this is not a valid reason for the trial court to disturb the arbitrator's award. *Page 7 
 {¶ 12} Ohio public policy encourages the resolution of disputes through arbitration. Kelm v. Kelm, 68 Ohio St.3d 26, 27, 1993-Ohio-56,623 N.E.2d 39. Under R.C. 2711.10, an error of fact or law by an arbitrator does not provide a basis for vacating an arbitration award.Goodyear, supra, at 522; see, also, Marra Constructors, Inc. v.Cleveland Metroparks Sys. (1993), 82 Ohio App.3d 557, 612 N.E.2d 806. In addition, an ambiguity in an arbitration award, which permits the inference that the arbitrator may have exceeded his authority, does not provide a sufficient basis for vacating the award so long as the award draws in essence from the parties' agreement. Ohio Office of CollectiveBargaining v. Ohio Civil Service Employees Assn., Local 11, AFSCMEAFL-CIO (1991), 59 Ohio St.3d 177, 179, 572 N.E.2d 71. If the parties could challenge an arbitration decision on the ground that the arbitrators erroneously decided legal or factual issues, no arbitration would be binding. Ungar v. Ormsbee, 2002-Ohio-741.
 {¶ 13} The fact that a trial court may arrive at a different conclusion than the arbitrator is also immaterial. Motor Wheel Corp. v.Goodyear Tire Rubber Co. (1994), 98 Ohio App.3d 45, 647 N.E.2d 844;Hillsboro v. Fraternal Order of Police (1990), 52 Ohio St.3d 174,556 N.E.2d 1186. The trial court is bound by an arbitrator's factual findings and serves only as a mechanism to enforce the arbitrator's award. Warren Edn. Assn., supra. Where the parties have agreed to submit their disputes to binding arbitration, they have bargained for the arbitrator's *Page 8 
determination concerning the issue submitted and agree to accept the result regardless of its legal or factual accuracy. MarraConstructors, supra.
 {¶ 14} The arbitrator in this case chose to deal with the improper workmanship by setting off the total award to Woodbridge by the amount of damages incurred by the Lombardys. By entering into binding arbitration, the parties agreed to be bound by such determinations. Therefore, the trial court was correct in not vacating the entirety of the arbitrator's award, and the Lombardy's cross-appeal fails.
 Woodbridge's Appeal {¶ 15} In its appeal, Woodbridge argues that the trial court erred in modifying the arbitrator's award. In addition, it argues that it was entitled by statute to interest on the award starting from the date the award was issued. We do not find any merit in Woodbridge's claim to statutory interest; however, we agree with its primary argument that the trial court erroneously modified the arbitrator's award.
 {¶ 16} Arbitration awards are presumed valid, and a reviewing court may not substitute its interpretation of a contract provision for that of an arbitrator chosen by the parties. Findlay City School Dist Bd. ofEdn. v. Findlay Edn. Assn. (1990), 49 Ohio St.3d 129, 551 N.E.2d 186. A reviewing court is limited to ascertaining whether fraud, corruption, misconduct, arbitration impropriety, or evident mistake made the award unjust or unconscionable. *Page 9 
 {¶ 17} The basis for the trial court's order modifying the arbitrator's award was that it found a mistake in the arbitrator's calculations. The trial court's order read in pertinent part:
 {¶ 18} "* * * The court finds material miscalculation on the face of the award, and therefore, modifies the award pursuant to R.C. 2711.11. The arbitrator erred in adding the contract price, $285,000 plus the first change of $25,740 plus the second change of $48,00, plus plumbing charges of $4,987. The arbitrator concluded the total was $388,712, when, in fact, those figures equal $363,327. The arbitrator then added $43,212.09 for unsigned changes referred to as `Section 2 changes.' These changes, when added to the now modified total of $363,727, equal $406,939.09 as the total adjusted contract price. Therefore, the correct balance owed by the defendants after subtracting the amount paid of $347,905 was $59,034.09 ($406,939.09 minus $347,905). The arbitrator correctly added the amounts awarded to defendant for the unworkmanlike quality of $24,000 to be subtracted from the total amount owed. Therefore, subtracting $24,000 from $59,034.09 equals $35,034.09 owed by defendants to plaintiff. Thus, the arbitrator's decision is modified to $35,034.09 awarded to plaintiff."
 {¶ 19} A review of the arbitrator's award and exhibits reveals that there is not a clear miscalculation on the face of the award. The trial court's modification correctly added all the figures explicitly listed in the arbitration award, and in calculating those *Page 10 
numbers, the trial court arrived at the conclusion that the arbitrator's award was off by $24,985. However, in paragraphs 4 and 5 of the award, the arbitrator speaks of further changes that should justifiably have been considered in adjusting the contract price, and he cites to figures cited in Section 1 of plaintiff's exhibit 26. That document articulates a sum of $24,985 — the exact amount the trial court articulated as a "material miscalculation."
 {¶ 20} While it may not be clear from a review of the arbitrator's award that the calculated award is correct in its arithmetic, it is not unambiguously incorrect; thus, it should not be modified by a reviewing trial court. The fact that the arbitrator's award does not clearly connect the dots in articulating its findings is not fatal to the validity of the award. Ohio law does not require an arbitrator to issue findings of fact or conclusions of law at all. The validity of an arbitration award is unaffected by the lack of written findings of fact and conclusions of law. Ford Hull-Mar Nursing Home, Inc. v. Marr Knapp,Crawfis Assoc, Inc. (2000), 138 Ohio App.3d 174, 179, 740 N.E.2d 729. An arbitrator need not file findings of fact because the trial court is precluded by statute from examining any legal and/or factual merits of a decision rendered pursuant to binding arbitration in the absence of fraud or bad faith on the part of the arbitrator. Creatore v.Baird, 154 Ohio App.3d 316, 2003-Ohio-5009, 797 N.E.2d 127, citingFord Hull-Mar Nursing Home, Inc., supra. *Page 11 
 {¶ 21} A review of the record indicates that there is a plausible basis for the original calculations of the arbitrator's award. Therefore, the trial court erred in finding a material miscalculation on the face of the award. The trial court's modification of the arbitrator's award is reversed, and this matter is remanded for confirmation of the original arbitrator's award.
 {¶ 22} Woodbridge also argues in its appeal that the trial court should have awarded statutory interest from the date of the arbitrator's award. In support of this contention, Woodbridge cites to MarraConstructors, supra at 566-567, and Hellmuth Obata Kassabaum v.Ratner (1984), 21 Ohio App.3d 104. A thorough review of this case law reveals that such a requirement for a trial court to award interest applies only to liquidated damages. The court reasoned that interest should properly accrue in cases where the amount of damages is not in contention, only whether they should be awarded. In this case, the amount of
 {¶ 23} damages was clearly at issue throughout the litigation. Thus, Woodbridge was not entitled to interest, and its second assignment of error is without merit.
 {¶ 24} The trial court's denial of the motion to vacate and the application for interest are affirmed; however, its order to modify the arbitrator's award is reversed, and this matter is remanded for confirmation of the original award. *Page 12 
It is ordered that appellant/cross-appellee and appellees/cross-appellants share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., CONCURS; SEAN C. GALLAGHER, J., CONCURS IN PART AND DISSENTS IN PART (SEE SEPARATE OPINION)
[1] Appeal number 88087 and cross-appeal number 88138 have been consolidated for purposes of review and disposition.
[2] All assignments of error are included in the Appendix to this Opinion.