JUDGES: Hon. Carol Ann Robb, Hon. Gene Donofrio, Hon. Cheryl L. Waite
OPINION
ROBB, J.
{¶ 1} Appellant Utility Workers Union of America, AFL-CIO, Local Union 436-A ("the Union") appeals the decision of the Belmont County Common Pleas Court confirming an arbitrator's award (with a modification of what the trial court found was scrivener's error) as requested by Appellee Eastern Ohio Regional Wastewater Authority ("the Employer"). The Union argues the arbitrator's award was subject to a more favorable modification under R.C. 2711.11(B) because the arbitrator "awarded upon a matter not submitted" to him. However, the remedy of back pay (including the setting of an end date for the remedy) qualifies as a matter submitted to the arbitrator. The Union also requested modification under R.C. 2711.11(A) due to an "evident material mistake." There was an evident material mistake in the year for the start date of back pay, but this court concludes the trial court modified the award to correct this typographical error.
{¶ 2} The Union alternatively contends the arbitrator's award must be vacated under R.C. 2711.10(C), which applies when the arbitrator "exceeded [his] powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." The Union focuses on a factual dispute as to whether retirement occurred and whether back pay should be discontinued on December 31, 2014. Due to the limited role of the judiciary in reviewing arbitration awards, this court affirms the trial court's judgment.
STATEMENT OF THE CASE
{¶ 3} This case involves an arbitrator's award upon a grievance filed against the Employer due to its termination of an employee ("the Grievant"). After a non-transcribed hearing, the arbitrator issued an eighteen-page opinion and award on August 14, 2015. According to this opinion, all employees were subjected to a drug and alcohol test on October 20, 2014, under the Employer's written drug and alcohol policy. The Grievant was notified by certified mail that he tested positive for marijuana and the policy provided him thirty days to produce a negative test. If he could not provide a negative test result, the policy stated he "may be disciplined up to and including discharge as warranted by the facts" and a termination shall be deemed "for cause." The Grievant requested and was granted leave beginning October 30, 2014; it was unpaid as he had no other leave available. The Grievant then entered counseling and produced two test results with positive results for marijuana (in amounts higher than the first one).
{¶ 4} On December 3, 2014, the Employer terminated the Grievant via certified mail. The termination was upheld after grievance hearings. Arbitration was requested *964 under the parties' collective bargaining agreement ("CBA"). The parties agreed to a single arbitrator. The issue submitted to the arbitrator was: "Whether Grievant was terminated for just cause in compliance with Article 19, Section 1 of the Labor Agreement effective April 1, 2014, and if not, what is the appropriate remedy?" The cited section of the parties' CBA states, "no employee shall be reduced in pay, suspended or discharged except for just cause." CBA, Art. 19, Sec. 1.
{¶ 5} The arbitrator's decision set forth the position of each side. The Employer pointed out the Grievant signed an acknowledgement of drug and alcohol testing when he applied for employment in 1997 and signed an acknowledgement of receipt of the drug and alcohol policy on August 21, 2003. The Grievant and two other employees testified they did not actually receive the policy when signing the acknowledgement. The Grievant attended training sessions on drugs, including one on September 25, 2014, where it was announced the Employer applied to renew its application with the Drug Free Work Place Program of the Ohio Bureau of Workers' Compensation.
{¶ 6} The Union pointed to a provision in the CBA stating the parties will meet to adopt a drug and alcohol policy and any such policy shall include a provision stating an employee with one positive drug test will be placed on sick leave until released to return to work. The Union's president testified he was unaware of the Employer's drug and alcohol policy until the day of the test, noting any such policy had to be negotiated as part of the CBA before being implemented by the Employer. The Employer did not produce a copy of the drug and alcohol policy signed by authorized Union officials to evidence it was negotiated as part of the CBA. The Employer suspected drug use in the workplace due to a text message it received. The Union pointed out the policy provided for reasonable suspicion testing (if a trained supervisor detects indicators of drug or alcohol use, which did not occur here), random testing (which the Union urged would not involve the testing of every employee as occurred here), and post-accident testing (which was unrelated to this situation). The Union also pointed to favorable treatment of a former employee with alcohol problems and the lack of records maintained by the Employer. The Union asked the arbitrator to sustain the grievance and order the Grievant "returned to work and made whole."
{¶ 7} The arbitrator stated the Grievant was a long-time employee who smoked marijuana due to physical ailments, including one which required him to take a medication that resulted in nausea and a loss of appetite. Although he had two positive tests with higher results after the original test, the Grievant testified he smoked marijuana twice before the October 20 test and did not smoke thereafter. The arbitrator sustained the Union's objection to evidence the Grievant was denied unemployment compensation and stated the denial was due to the existence of the policy. The arbitrator found the Employer's drug and alcohol policy was a unilateral policy that was required to be negotiated under the CBA.[1] The arbitrator also found no reasonable suspicion to test the Grievant or all employees under the terms of the policy. The arbitrator noted the Employer gave the employee permission to take leave without pay starting on October 30, 2014, which would have maintained his status as *965 employee until his termination on December 3, 2014.
{¶ 8} The arbitrator then stated: "In December 2014, Grievant did put in for his retirement. Although this voluntary act may have been precipitated by the actions taken by the Company to terminate him, there was no evidence that he retired because of the discipline that he received and, therefore, back pay or benefits after the date of his voluntar[y] retirement are not available to him." The arbitrator sustained the grievance and ordered the Employer to pay to the Grievant "all back pay and benefits beginning on October 30, 2014 and ending with the date of his voluntary retirement." The arbitrator's decision retained jurisdiction to assist with the implementation of the award of back pay and benefits.
{¶ 9} On December 15, 2015, the arbitrator issued a supplement to his decision, noting he retained jurisdiction to assist with implementation of the August 14, 2015 award. The supplement, which contained a chronologically impossible date range, stated the arbitrator "now comes to re-affirm and refine the Award. For the period of from October 30, 2015 to December 31, 2014, the Grievant shall receive all back pay and other benefits including, but not exclusive of seniority and reimbursement for any expenses, medical or otherwise to which he would have been entitled." (The arbitrator noted he offered to receive evidence on post-arbitration issues but received no agreement as to a hearing.) The arbitrator declared his jurisdiction was now terminated.
{¶ 10} On March 10, 2016, the Union filed a motion to modify or vacate the arbitrator's award in the Belmont County Common Pleas Court. The Union asked for modification under R.C. 2711.11(A) due to a material miscalculation or mistake, noting the date range set forth by the arbitrator was chronologically impossible. Modification was also requested under R.C. 2711.11(B) as the Union claimed the issue of retirement was not submitted to the arbitrator. The Union asked for the modification to read, "All back pay and benefits beginning on October 30, 2014 and ending with the date of his voluntary retirement, if any; and if grievant has not voluntarily retired, to the date of his reinstatement." Alternatively, the Union sought vacation of the arbitrator's award under R.C. 2711.10(D), claiming it should be partially vacated (as to the remedy) or entirely vacated and a rehearing ordered as the arbitrator exceeded his powers and/or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made. The Union filed a brief in the trial court along with the motion and attached as exhibits various items submitted to the arbitrator.[2]
*966 {¶ 11} The Employer filed a motion to confirm the arbitration award under R.C. 2711.09. As to the date range in the arbitrator's decision, the Employer reasoned there was a scrivener's error in the start date's year and "October 30, 2015" should be changed to "October 30, 2014." The Employer pointed out the court was not permitted to conduct a merit review of facts and the proceedings were not transcribed in any event. The parties filed briefs and the trial court heard oral arguments.
{¶ 12} On October 17, 2016, the trial court issued a decision granting the Employer's motion to confirm the arbitrator's award and denying the Union's motion to modify or vacate the arbitrator's award "except for the Court's correction of the evident material mistake of the dates for which back pay and benefits were awarded in the Supplement to Award." The court corrected the back pay award to cover the dates October 30, 2014 to December 31, 2014, i.e., the correction was to the year in the start date, changing 2015 to 2014. The within timely appeal followed.
REVIEW OF ARBITRATOR'S AWARD
{¶ 13} Court review of an arbitrator's award is pursuant to statute. An arbitrator's award is subject to court confirmation under R.C. 2711.09. In addition, "After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code." R.C. 2711.13. Pursuant to R.C. 2711.10, the award can be vacated only if:
(A) The award was procured by corruption, fraud, or undue means.
(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.
(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
Upon vacation, the court can order a rehearing by the arbitrators (if any time requirement within the agreement has not expired). R.C. 2711.10. It is division (D) which is said to be relevant to this case.
{¶ 14} Modification or correction of an arbitrator's award can occur under R.C. 2711.11 only in one of the following circumstances:
(A) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;
(B) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;
*967 (C) The award is imperfect in matter of form not affecting the merits of the controversy.
If one of the listed circumstances exists, "The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties." R.C. 2711.11. Divisions (A) and (B) are said to relevant to this case.
{¶ 15} Upon granting an order confirming, modifying, correcting, or vacating an arbitration award, the trial court is to enter a judgment which can be enforced as a regular judgment. R.C. 2711.12 ; R.C. 2711.14. "An appeal may be taken from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding or from judgment entered upon an award." R.C. 2711.15. "[T]he review is confined to the order. The original arbitration proceedings are not reviewable." Warren Educ. Assn v. Warren City Bd. of Educ. , 18 Ohio St.3d 170, 174, 480 N.E.2d 456, 459 (1985), quoting Lockhart v. American Res. Ins. Co. , 2 Ohio App.3d 99, 101, 440 N.E.2d 1210 (8th Dist.1981).
{¶ 16} In an appeal from an arbitration award, "a common pleas court is precluded from examining the actual merits upon which the award is based." Creatore v. Robert W. Baird & Co. , 154 Ohio App.3d 316, 2003-Ohio-5009, 797 N.E.2d 127, ¶ 8 (7th Dist.). "Likewise, this court must confine our review of arbitration proceedings to an evaluation of the order issued by the common pleas court and determine whether the trial court erred as a matter of law." Id. This limited review is partly based on the parties' voluntary agreement to submit their dispute to binding arbitration instead of to the court thereby agreeing to accept the arbitrator's decision despite legal or factual inaccuracies. Id. It is also based on the underlying policy reasons supporting binding arbitration, including economic relief and diminished court congestion.
{¶ 17} Judicial restraint is required on review due to the presumed validity of the arbitrator's award. City of Hillsboro v. Fraternal Order of Police, Ohio Labor Council, Inc. , 52 Ohio St.3d 174, 175-176, 556 N.E.2d 1186 (1990). "The only way to give effect to the purposes of the arbitration system of conflict resolution is to give lasting effect to the decisions rendered by an arbitrator whenever that is possible." Id.
Because the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge, it is the arbitrator's view of the facts and the meaning of the contract that they have agreed to accept. Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts. To resolve disputes about the application of a collective-bargaining agreement, an arbitrator must find facts and a court may not reject those findings simply because it disagrees with them. The same is true of the arbitrator's interpretation of the contract.
Southwest Ohio Reg. Transit Auth. v. Amalgamated Transit Union, Loc. 627 , 91 Ohio St.3d 108, 110, 742 N.E.2d 630 (2001), quoting United Paperworkers Internatl. Union v. Misco, Inc. , 484 U.S. 29, 37-38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987).
ASSIGNMENT OF ERROR ONE: MATTER SUBMITTED TO ARBITRATOR
{¶ 18} The Union sets forth three assignments of error, corresponding to the three statutory sections relied upon in the motion for modification or vacation of the arbitrator's award filed with the trial court. The first assignment of error provides:
"The arbitrator awarded a remedy based on a matter not submitted to him by *968 either party and the trial court accordingly erred by refusing to modify the award pursuant to R.C. 2711.11(B) as requested by plaintiff."
{¶ 19} As aforementioned, an arbitrator's award can be modified and corrected "so as to effect the intent thereof and promote justice between the parties" if the arbitrator "awarded upon a matter not submitted" to the arbitrator. R.C. 2711.11(B) ("unless it is a matter not affecting the merits of the decision upon the matters submitted"). The arbitrator's award framed the issue as being whether the Grievant was terminated for just cause, "and if not, what is the appropriate remedy?" The arbitrator found the termination was not for just cause. The arbitrator's decision noted the remedy sought by the Union was for the Grievant to be "returned to work and made whole * * *."
{¶ 20} Factually, the arbitrator found the Grievant "put in for his retirement" in December of 2014 and concluded back pay was not available after the date of retirement. The arbitrator initially ordered as the remedy "all back pay and benefits beginning on October 30, 2014 and ending with the date of his voluntary retirement." He retained jurisdiction in order to implement this award; his assistance in implementing the award was sought. The arbitrator then reaffirmed the award and refined the remedy to provide: "For the period of from October 30, 2015 to December 31, 2014, the Grievant shall receive all back pay and other benefits including but not exclusive of seniority and reimbursement for any expenses medical and otherwise to which he would have been entitled."
{¶ 21} The Union agrees the issue of the remedy was submitted to the arbitrator but contends the specific issue of retirement was not submitted to the arbitrator. The Union cites a case where the appellate court found the trial court should have modified an award where the arbitrator ruled on a matter not submitted to him. Crawley v. Reserve Co. , 11th Dist. No. 93-L-012, 1993 WL 407245 (Sep. 30, 1993). In that case, the arbitrator awarded damages for breach of contract, but the appellate court ruled no breach of contract claim was made in the case which had been stayed pending arbitration (as the only claim set forth was intentional infliction of emotional distress). It must be pointed out this was an alternative holding made after the court found the trial court's order (staying the case pending arbitration) was void for lack of personal jurisdiction. In any event, the case is not on point. The case at bar does not involve the submission of one cause of action to the arbitrator with the arbitrator entering damages on a different cause of action.
{¶ 22} In the absence of language restricting the arbitrator to award a particular remedy, the arbitrator has the implicit authority to fashion a remedy in making the award, even where the CBA is silent on the topic of remedial authority. Miller v. Gunckle , 96 Ohio St.3d 359, 2002-Ohio-4932, 775 N.E.2d 475, ¶ 19-20 (arbitrator can award prejudgment interest and set date from which interest accrued), citing Queen City Lodge No. 69, Fraternal Order of Police, Hamilton Cty., Ohio, Inc. v. Cincinnati , 63 Ohio St.3d 403, 588 N.E.2d 802 (1992). "[T]he power to award a remedy is generally part and parcel of the arbitration process." Queen City Lodge , 63 Ohio St.3d at 405, 588 N.E.2d 802. In general, the parties expect the arbitrator, upon finding a violation, "will proceed to award a remedy of some type." Id. An arbitrator has "broad authority" to fashion a remedy. Cedar Fair, L.P. v. Falfas , 140 Ohio St.3d 447, 2014-Ohio-3943, 19 N.E.3d 893, ¶ 6 ;
*969 Board of Trustees of Miami Twp. v. Fraternal Order of Police , 81 Ohio St.3d 269, 273, 690 N.E.2d 1262 (1998).
{¶ 23} In the case at bar, the CBA provides: "The arbitrator(s) shall expressly confine themselves to the precise issue submitted for review and shall have no authority to determine any other issues not so submitted to them or to submit observations or declarations of opinion which are not directly essential in reaching their determination." CBA, Art. 9, Sec. 7. The Union does not dispute it agreed to submit the issue of the remedy to the arbitrator. Rather, the Union is contesting the arbitrator's limitation on the remedy.
{¶ 24} The Union suggests retirement would have been a mitigation issue for the Employer to assert defensively, claiming the arbitrator sua sponte made a finding regarding retirement without being asked to do so. However, an arbitrator's limitation on a requested remedy, including assignation of a cut-off date for back pay, is a matter submitted to the arbitrator in a case where the parties asked the arbitrator to determine if there was just cause for the termination and if not what the appropriate remedy was. In other words, if the question of back pay is before the arbitrator, then the question of the duration of back pay is also properly before the arbitrator.
{¶ 25} Notably, in seeking modification, the Union asked the trial court to amend the remedy as follows: "All back pay and benefits beginning on October 30, 2014 and ending with the date of his voluntary retirement, if any; and if grievant has not voluntarily retired, to the date of his reinstatement." Such requested modification suggests retirement was in fact an appropriate topic for the arbitrator to consider in an award of back pay.
{¶ 26} The Union may be conflating the issue of whether "a matter was submitted" to the arbitrator with its contention that there was no evidence presented that an event occurred which would justify the end date for back pay. For instance, the Union alleges the arbitrator "made up" the finding of an anticipated retirement "out of thin air." On this topic, the Employer's response is two-fold.
{¶ 27} First, the Employer points out there is no transcript of the arbitration hearing as the proceedings were not requested to be recorded. The trial court noted this issue at oral argument. (Tr. 18-19). In a typical case, where a transcript is not provided, the reviewing court presumes the regularity of the proceedings and does not review factual questions. See, e.g., State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs. , 127 Ohio St.3d 202, 2010-Ohio-5073, 937 N.E.2d 1274, ¶ 14. The Employer concludes an appellant is barred from arguing a variety of issues involving the evidence presented at the arbitration hearing where there is no transcript of the hearing. See, e.g., Arrow Uniform Rental, L.P. v. K & D Group, Inc. , 11th Dist. No. 2010-L-152, 2011-Ohio-6203, 2011 WL 6016531, ¶ 29-34 ; Mike McGarry & Sons, Inc. v. Marous Bros. Constr. , 11th Dist. No. 2009-L-056, 2010-Ohio-823, 2010 WL 759186, ¶ 61-62. Contrary to the Union's suggestion, post-hearing briefs do not replace the transcript. In addition, the Employer's focus in the post-hearing brief on whether the termination was with just cause does not preclude an arbitrator from fashioning a remedy with a definite back pay award rather than adopting the remedy urged by the Union.
{¶ 28} Second, the Employer urges that a review of an arbitrator's decision does not entail the review sought by the Union, which evokes sentiments involved in weighing evidence and fashioning a remedy. The Employer states the Union was not permitted to relitigate the facts during the trial court's review or ask the trial court to examine the merits of the *970 arbitrator's decision. "[T]he arbitrator is the final judge of both law and fact." Miller , 96 Ohio St.3d 359, 2002-Ohio-4932, 775 N.E.2d 475 at ¶ 18, citing Goodyear Tire & Rubber Co. v. Local Union No. 200, United Rubber, Cork, Linoleum & Plastic Workers of Am. , 42 Ohio St.2d 516, 522, 71 O.O.2d 509, 330 N.E.2d 703 (1975). These limitations on court review are discussed further infra.
ASSIGNMENT OF ERROR TWO: MATERIAL MISTAKE
{¶ 29} The Union's second assignment of error contends:
"The trial court erred when it 'corrected' the arbitrator's award, which contained an evident material mistake under R.C. 2711.11(A), by arbitrarily selecting the date of December 31, 2014 as the end date of the back pay period, when there is no basis anywhere in the record to establish that date, or any other date, as 'the date of [the Grievant's] voluntary retirement' as contemplated by the initial award."
{¶ 30} The initial award issued by the arbitrator provided a start date for back pay of October 30, 2014. The supplemental award added an end date of December 31, 2014. It also changed the year in the start date to 2015 so the back pay award read: "October 30, 2015 to December 31, 2014 * * *." The trial court found a scrivener's error and changed the year in the start date from 2015 to 2014.
{¶ 31} Pursuant to R.C. 2711.11(A), a trial court shall modify or correct an award if there existed "an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award * * *." The Union asked for modification under this division due to a chronologically impossible date. The trial court utilized this division when modifying the award's start date. The Union now contends the trial court's correction cannot be maintained as it is unsupported in the record. The Union posits the arbitrator may have committed two scrivener's errors and may have intended a date range of October 30, 2014 to December 31, 2015 (providing over a year of back pay).
{¶ 32} The Employer states the need for the correction is evident on the face of the arbitrator's decision (which is contained in the initial and supplemental awards) and can be corrected without fact-finding by a trial court, citing the Eleventh District's Arrow case. In Arrow , the appellant argued the award should be modified due to a material miscalculation. The court stated "an arbitration award can only be modified if the miscalculation is evident from the face of the award and can be corrected without fact-finding." Arrow Uniform Rental , 11th Dist. No. 2010-L-152 at ¶ 51, citing Mike McGarry & Sons, 11th Dist. No. 2009-L-056 at ¶ 60-62. The court refused to apply R.C. 2711.11(A) as the arbitrator's award did not disclose any mathematical error on its face but simply was based on different criteria than the appellant would prefer. Arrow Uniform Rental , 11th Dist. No. 2010-L-152 at ¶ 51.
{¶ 33} It is undisputed that the date range was chronologically impossible. October 30, 2014 was the date set forth in the arbitrator's initial award as the start date for back pay. It coincided with the date the arbitrator stated the Grievant began unpaid leave. The arbitrator's supplemental award was to reaffirm and refine, which does not encompass a change in a start date. The start date with the year changed in the supplemental award is a mistake "evident from the face" of the decision (which encompasses both awards), the correction of which requires no additional factfinding. See, e.g., Arrow Uniform Rental , 11th Dist. No. 2010-L-152 at ¶ 51 ;
*971 Robert W. Setterlin & Sons v. N. Market Dev. Auth. Inc. , 10th Dist. No. 99AP-141, 1999 WL 1267340 (Dec. 30, 1999) ; Rathweg Ins. Assoc., Inc. v. First Ins. Agency Corp. (Aug. 18, 1992), 2d Dist. No. 13184, 1992 WL 206764 ("Any material miscalculation that warrants modification of the award must appear on the face of the award and be of such a nature that it can be corrected without the use of any factfinding, discretion, or judgment.").
{¶ 34} Furthermore, the modification language sought by the Union in its motion for modification filed in the trial court used October 30, 2014 as the start date as well. "[A] party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." Fostoria v. Ohio Patrolmen's Benevolent Assn. , 106 Ohio St.3d 194, 2005-Ohio-4558, 833 N.E.2d 720, ¶ 12, different paragraph modified on reconsideration by 107 Ohio St.3d 1426, 2005-Ohio-6124, 837 N.E.2d 1210, ¶ 29. Under the particular circumstances of this case, it was not improper for the trial court to find the start date in the supplemental award contained an evident material miscalculation or mistake and to modify it in accordance with both parties' suggestion.
{¶ 35} As for the end date, December 2014 was set forth in the arbitrator's award as the date the Grievant testified to having "put in" for his retirement. The supplemental award then specified December 31, 2014 as the end date for back pay. In seeking modification, the Union asked for no end date until reinstatement or actual retirement. As the arbitrator did not order reinstatement, this request by the Union was for more than mere correction. The Union claims the trial court arbitrarily selected the end date and argues there is no basis in the record for the end date utilized. However, the latter contention presents a factual argument against the arbitrator's decision as discussed elsewhere. The former contention overlooks the fact that the trial court did not change the end date assigned by the arbitrator.
{¶ 36} We conclude the award contained an "evident" mistake that could be corrected by changing only the start date. As the arbitrator's intent was evident, the trial court's modification was permissible. This assignment of error is overruled.
ASSIGNMENT OF ERROR THREE: MOTION TO VACATE
{¶ 37} The Union's third and final assignment of error provides:
"In the alternative, the remedy portion of the award was without rational basis such that a mutual, final, and/or definite award as to the remedy was not made, and the trial court erred by failing to partially vacate as to remedy."
{¶ 38} The Union invokes R.C. 2711.10(D), which provides a common pleas court shall vacate an arbitrator's award if: "The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." The Union seeks to vacate part of the award with a rehearing as to the remedy.
{¶ 39} Where the parties contract to have an arbitrator, rather than a court, decide their disputes, "it is the arbitrator's view of the facts and the meaning of the contract that they have agreed to accept." Southwest Ohio Regional Transit Auth. v. Amalgamated Transit Union, Local 627 , 91 Ohio St.3d 108, 110, 742 N.E.2d 630 (2001), quoting United Paperworkers Internatl. Union, AFL-CIO v. Misco, Inc. , 484 U.S. 29, 37-38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). The reviewing courts do not review arguments of factual or legal error (as an appellate court does when reviewing a standard trial court decision for instance). Id. The arbitrator finds facts *972 and interprets the CBA, and the reviewing court cannot reject such findings. Id.
{¶ 40} "Given the presumed validity of an arbitrator's award, a reviewing court's inquiry into whether the arbitrator exceeded his authority, within the meaning of R.C. 2711.10(D), is limited." City of Hillsboro v. Fraternal Order of Police, Ohio Labor Council, Inc. , 52 Ohio St.3d 174, 175-76, 556 N.E.2d 1186 (1990), quoting Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn. , 49 Ohio St.3d 129, 551 N.E.2d 186 (1990), syllabus at paragraph one.
The only way to give effect to the purposes of the arbitration system of conflict resolution is to give lasting effect to the decisions rendered by an arbitrator whenever that is possible. If a motion to vacate an arbitrator's award is granted, the arbitration method of conflict resolution becomes less speedy and more expensive and the advantage of unburdening crowded court dockets becomes less of an advantage (or no advantage at all). * * * where a reviewing court exceeds the permissible scope of review such judgment will be reversed.
Hillsboro , 52 Ohio St.3d at 176, 556 N.E.2d 1186. "The continued vitality of the arbitration system of dispute resolution can only be ensured through judicial restraint." Id. at 178, 556 N.E.2d 1186 (court must limit its inquiry on a motion to vacate an arbitrator's award and "must be sensitive to upholding an arbitrator's award whenever it is possible to do so").
{¶ 41} A reviewing court shall not vacate an award merely because the arbitrator "committed an error-or even a serious error." Cedar Fair, L.P. v. Falfas , 140 Ohio St.3d 447, 2014-Ohio-3943, 19 N.E.3d 893, ¶ 6, quoting Stolt-Nielsen, S.A. v. AnimalFeeds Internatl. Corp. , 559 U.S. 662, 671, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010). "Were the arbitrator's decision to be subject to reversal because a reviewing court disagreed with findings of fact or with an interpretation of the contract, arbitration would become only an added proceeding and expense prior to final judicial determination. This would defeat the bargain made by the parties * * *." Cedar Fair , 140 Ohio St.3d 447, 2014-Ohio-3943, 19 N.E.3d 893 at ¶ 5, quoting Goodyear Tire & Rubber Co. v. Local Union No. 200, United Rubber, Cork, Linoleum & Plastic Workers of Am. , 42 Ohio St.2d 516, 519, 330 N.E.2d 703 (1975).
{¶ 42} In reviewing an application to vacate an arbitrator's award, the court is limited to ascertaining whether the award draws its essence from the CBA and whether it is unlawful, arbitrary, or capricious. Southwest Ohio Regional Transit Auth. , 91 Ohio St.3d at 110, 742 N.E.2d 630. If there is a rational nexus between the CBA and the award, then the award draws its essence from the CBA. Id. Framed differently, the Supreme Court has also stated an award draws its essence from the contract when there is a rational nexus between the agreement and the award and the award is not arbitrary, capricious or unlawful. See Cedar Fair , 140 Ohio St.3d 447, 2014-Ohio-3943, 19 N.E.3d 893 at ¶ 7. An award fails to draw its essence from the CBA if the award conflicts with the express terms of the agreement or cannot be rationally derived from the terms of the agreement. Id. (the arbitrator is confined to interpretation and application of the CBA and is not authorized to dispense his own brand of industrial justice).
{¶ 43} As aforementioned, the arbitrator has broad authority to shape a remedy. Cedar Fair , 140 Ohio St.3d 447, 2014-Ohio-3943, 19 N.E.3d 893 at ¶ 6. If there is a good faith argument that the award is authorized by the CBA, then the award is within the arbitrator's power. Id. Notably however, reinstatement cannot be *973 ordered in Ohio unless the CBA specifically provides it as a remedy. Id. at ¶ 19. "Once it is determined that the arbitrator's award draws its essence from the collective bargaining agreement and is not unlawful, arbitrary or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end." Hillsboro , 52 Ohio St.3d at 176, 556 N.E.2d 1186, quoting Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn. , 49 Ohio St.3d 129, 551 N.E.2d 186 (1990), syllabus at paragraph two.
{¶ 44} Initially, the Union suggests a "definite award" was not made for purposes of R.C. 2711.10(D) due to the chronologically impossible date range for the back pay award; however, the typographical error was subject to modification under R.C. 2711.11(A). As concluded above, the modification was proper.
{¶ 45} Next, the Union urges the arbitrator's remedy does not draw its essence from the CBA as it lacks a rational basis and is without rational support. The Union contends the end date for back pay was "arbitrary, fabricated, and evidently mistaken" and the arbitrator "arbitrarily dispensed his own brand of industrial justice in deciding this matter by literally 'inventing' an untrue fact sua sponte -that [the Grievant] had retired." Arguments such as these are set forth throughout the Union's brief.
{¶ 46} The Employer responds by stating the Union couches its argument in language related to a R.C. 2711.10(D) review but the Union fails to recognize how a court's review involves a comparison of the award to the CBA. The Employer states the Union is contesting what facts were demonstrated at the hearing. The Employer points out the test is not whether the contested remedy has a rational factual basis but whether it has a rational basis for being a permissible remedy under the CBA. The Employer reiterates how the judiciary's role is limited and is not a review of the legal or factual merits.
{¶ 47} The Supreme Court framed the statutory review as to whether an arbitrator exceeded his authority to include a determination of whether the award was arbitrary. See, e.g., Cedar Fair , 140 Ohio St.3d 447, 2014-Ohio-3943, 19 N.E.3d 893 at ¶ 7 ; Southwest Ohio Regional Transit Auth. , 91 Ohio St.3d at 110, 742 N.E.2d 630. The Union states the assigned date was arbitrary. However, such an argument would apply to any date chosen by an arbitrator who is precluded from choosing reinstatement as a remedy. In any event, considering the discretion to fashion an award of back pay, this argument is without merit. This court concludes the Union has not demonstrated how the award conflicts with the express terms of the CBA or how it is not rationally derived from the CBA. The award before us draws its essence from the CBA.
{¶ 48} In addition, as for the claimed lack of evidence as to retirement, the factual contentions are not reviewable as the parties to arbitration agree to accept the arbitrator's findings of fact, and there was no transcript of the arbitrator's hearing in any event. Even a serious factual error is not justification for vacation. See, e.g., Cedar Fair, L.P. v. Falfas , 140 Ohio St.3d 447, 2014-Ohio-3943, 19 N.E.3d 893 at ¶ 5, quoting Stolt-Nielsen , 559 U.S. at 671, 130 S.Ct. 1758. This assignment of error is overruled.
{¶ 49} Judgment affirmed.
Donofrio, J., concurs.
Waite, J., concurs.

See Southwest Ohio Regional Transit Auth. v. Amalgamated Transit Union, Local 627 , 91 Ohio St.3d 108, 110-111, 742 N.E.2d 630 (2001) (the employer's right to adopt a drug policy does not automatically equate with the unilateral right to define just cause under the CBA without negotiation).

These exhibits included post-arbitration hearing briefs submitted to the arbitrator by both sides prior to the initial award, a letter from the Union's attorney asking the arbitrator to retain jurisdiction, and the parties' position statements submitted to the arbitrator before the supplemental decision. The Union's position statement, filed by an attorney who was not involved in the arbitration hearing, stated the following: the remedy was unworkable as there was no voluntary retirement date; the arbitrator's finding, "In December of 2014, the Grievant did put in for his retirement" was not supported by the evidence; the arbitrator's decision noted the Union requested the Grievant be returned to work, which would make no sense if he retired; the arbitrator admitted in a phone conference that his notes did not mention retirement and he remembered the Grievant saying he was happy driving a bus; and the Grievant has had no employment since his discharge.
The Employer's position statement to the arbitrator stated: a phone conference was conducted where the Union claimed the Grievant did not retire; the arbitrator consulted his notes and concluded he made no mistake as to the Grievant's testimony; the arbitrator pointed out he retained jurisdiction in order to establish an end date for the award; it was irrelevant if the Grievant changed his mind about retirement after the decision; the arbitrator did not award reinstatement as the remedy and retained jurisdiction only as to the implementation of back pay; a signed drug and alcohol policy was recently discovered showing the Union presented fraudulent testimony; and although the Employer could now show the termination was supported by just cause, it acknowledged the arbitrator could modify the award to provide an end date from which the Employer can calculate the award of back pay (suggesting a date in December 2014, up to and including December 31, 2014).