[Cite as *Fowler v. Menards, Inc.*, 2018-Ohio-4052.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Randy Fowler                                           Court of Appeals No. E-17-045

       Appellant                                  Trial Court No. 2016 CV 0015

v.

Menards, Inc.                                          **DECISION AND JUDGMENT**

       Appellee                                   Decided:  October 5, 2018

* * * * *

Geoffrey L. Oglesby, for appellant.

Alex Meyers, for appellee.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Randy Fowler, appeals from the December 5, 2017 judgment of the Erie County Court of Common Pleas, where his requests to vacate and to modify an arbitration decision were denied.  Finding no error, we affirm.

## Background

{¶ 2} On January 7, 2016, appellant filed a three-count complaint against appellee, essentially asserting breach of agreement or breach of implied warranty for goods. Appellant's complaint states that he purchased materials from appellee, and that the materials "were approved by the plans but Menards delivered incorrect materials."

{¶ 3} More specifically, appellant had ordered materials from appellee for the building of a barn. Appellant based his order on building plans he submitted to appellee. However, he changed his plans several times before submitting the final order. He claims appellee delivered the incorrect materials. Appellee claims it delivered the materials as ordered by the plans submitted.

{¶ 4} Appellant attempted to return the items, to no avail. In his complaint, he sought damages, requesting compensation for new materials, new trusses, storage costs, attorney fees, court costs, arbitration fees, and other costs.

{¶ 5} Appellee moved to compel arbitration on January 25, 2016. Appellant responded, stipulating to the arbitration on February 8, 2016. The trial court granted appellee's motion on March 7, 2016, and the judgment entry was journalized March 17, 2016.

{¶ 6} The matter proceeded to arbitration. A decision from the arbitrator was entered March 3, 2017. Appellant was awarded $0. The trial court confirmed the arbitration findings and award, and appellant appealed.

2.

{¶ 7} Transferred in the record was a statement of the evidence, which in relevant part confirms that appellant requested and was granted arbitration, that he was in direct communication with the arbitrator and opposing counsel, that his counsel of choice communicated with the arbitrator, and that he participated in arbitration with his counsel.

{¶ 8} Appellant complied with App.R. 9(C) in providing this statement of the evidence, and there was no objection made by appellee.

{¶ 9} Appellant puts forth the following assignment of error on appeal:

A TRIAL COURT COMMITS REVERSIBLE ERROR WHEN IT NEGLECTS TO MODIFY AN UNREASONABLE ARBITRATION AWARD.

**Analysis**

{¶ 10} Under his assigned error, appellant asserts eight separate but interconnected arguments. In essence, appellant argues that the arbitrator engaged in misbehavior and that the $0 award is imperfect as there is no rational support for it. Appellant also argues that his due process rights to confront witnesses and to counsel were violated during arbitration.

{¶ 11} Appellee contends the arbitrator did not commit reversible error where the $0 award was based on legitimate findings, and that there is no evidence to support that appellant was prejudiced by any of the alleged errors he raises on appeal.

{¶ 12} Arbitration is governed by R.C. Chapter 2711. More specific to this case, arbitration "awards" are governed by R.C. 2711.08-2711.16.

3.

**{¶ 13}** R.C. 2711.09 provides that "[a]t any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award." It follows with, "[t]hereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code." *Id.*

**{¶ 14}** R.C. 2711.10 provides that the court can vacate an arbitration award when:

(A) The award was procured by corruption, fraud, or undue means.

(B) Evident partiality or corruption on the part of the arbitrators, or any of them.

(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. * * *

**{¶ 15}** R.C. 2711.11 states that the court "shall make an order modifying or correcting the award" if:

4.

(A) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;

(B) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;

(C) The award is imperfect in matter of form not affecting the merits of the controversy. * * *

{¶ 16} R.C. 2711.13, in pertinent part, provides that "[a]fter an award* * * is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code."

{¶ 17} R.C. 2711.12 states that "[u]pon the granting of an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding, the court must enter judgment in conformity therewith."

{¶ 18} R.C. 2711.15 states that "[a]n appeal may be taken from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding or from judgment entered upon an award."

{¶ 19} "When reviewing a trial court's decision to confirm, modify, vacate, or correct an arbitration award, appellate courts are to accept findings of fact that are not clearly erroneous but decide questions of law de novo." *Portage Cty. Bd. of Dev.*

5.

*Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 153 Ohio St.3d 219, 2018-Ohio-1590, 103 N.E.3d 804, ¶ 23.

{¶ 20} "Arbitration provides parties with a relatively fast and inexpensive alternative dispute resolution procedure, with the added advantage of providing some measure of relief to overcrowded court dockets." *Eastwood Local School Dist. Bd. of Edn. v. Eastwood Edn. Assn.*, 172 Ohio App.3d 423, 2007-Ohio-3563, 875 N.E.2d 139, ¶ 12 (6th Dist.), citing *Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn.*, 22 Ohio St.3d 80, 82, 488 N.E.2d 872 (1986). "For this reason, it has long been the policy in Ohio to encourage arbitration, giving effect to every reasonable presumption in favor of, '* * * the regularity and integrity of the arbitrator's acts.'" *Id.*, citing *Campbell v. Automatic Die and Products Co.*, 162 Ohio St. 321, 329, 123 N.E.2d 401 (1954); *Corrigan v. Rockefeller*, 67 Ohio St. 354, 368, 66 N.E. 95 (1902); *Ormsby v. Bakewell*, 7 Ohio 98 (1835).

{¶ 21} Here, there is no dispute that this is an appeal from a breach of contract or breach of implied warranty arbitration case.

{¶ 22} Consequently, the first task is to determine whether the award draws its essence from the contract. *Id*. at ¶ 20. "Once it is determined that the arbitrator's award draws its essence from the * * * agreement and is not unlawful, arbitrary or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award is at an end." (Citations omitted.) *Id*. "An arbitrator's award draws its essence from [an] * * *

6.

agreement when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful." *Id.*

{¶ 23} Here, the trial court confirmed the arbitrator's award, finding that appellant changed his barn four times and received four different estimates, and that appellant was responsible for purchasing from the correct estimate number. It was further found that appellant received the correct order, and that he was therefore not entitled to damages for breach of contract or breach of implied warranty. Appellant's requests for new trusses (or a refund), storage costs, attorney fees, court costs, arbitration fees, and all other costs were denied.

{¶ 24} Because the award was explicitly based on appellant receiving the correct order, we find there was a rational nexus between the agreement and the $0 award.

{¶ 25} We proceed to determine whether appellant has articulated any arguments to support that the award was arbitrary, capricious, or unlawful under R.C. 2711.10 or 2711.11.

{¶ 26} Appellant first argues that the arbitrator misbehaved by allowing appellee to introduce evidence in closing arguments that reflected "the contract terms, return terms, arbitration terms…etc." Appellant often refers to this evidence as "receipts," and he secondly claims that this evidence was not authenticated and, thus, should not have been considered as per the rules of evidence.

{¶ 27} For the following reasons, we reject these arguments.

7.

{¶ 28} First, "[t]he misbehavior of an arbitrator may only serve as the basis for vacating an arbitration award under R.C. 2711.10(C) if it results in prejudice." *Hoffbauer v. Wayne Homes*, 1st Dist. Hamilton No. C-990750, 2000 Ohio App. LEXIS 3471, *8 (Aug. 4, 2000); *Ward v. Ohio St. Waterproofing*, 9th Dist. Summit No. 27004, 2013-Ohio-5560, ¶ 12-15.

{¶ 29} Here, and with respect to the evidence submitted in closing remarks, we note that "receipts" and other evidence of agreement terms were already submitted in the trial court record. More specifically, attached to the January 7, 2016 complaint are appellant's purchase receipts and "special order contracts." Hence, we are not sure how appellant proved in arbitration that he was entitled to damages for breach without establishing the terms on which the agreement was made. The burden was on him, the claimant, to make the case based on the agreement terms. Therefore we find he could not have been prejudiced absent some other impropriety, of which he makes no mention.

{¶ 30} Second, we note that "in arbitration proceedings, 'everything relevant is admitted and given value according to its reliability and significance.'" *Bennett v. Sunnywood Land Dev., Inc.*, 9th Dist. Medina No. 06CA0089-M, 2007-Ohio-2154, ¶ 34, citing to *Cleveland v. AFSCME, Local 100*, 8th Dist. No. 74467, 1999 Ohio App. LEXIS 3595, *12 (Aug. 5, 1999). "This is consistent with the fact that rules of evidence are relaxed in an arbitration proceeding." *Id.*

{¶ 31} Here, appellant specifically argues that the evidence improperly allowed to be submitted during arbitration was unauthenticated. Appellant does not detail fraud or

8.

other impropriety. Thus we assume appellee submitted the "receipts" and contract terms that would govern this case, and those were in the record attached to appellant's complaint. Our review of these materials reveals they bear appellee's trade name and address and, thus, constitute "trade inscriptions and the like" for purposes of Evid.R. 902. Hence, even assuming the rules of evidence were strictly applied in arbitration proceedings, we find such documents are self-authenticating. *See*, *e.g.*, *State v. Deleon*, 2d Dist. Montgomery No. 17574, 2000 Ohio App. LEXIS 2128, *28 (May 19, 2000) (finding that a document showing a dealer's trade name and address constituted an "inscription" under Evid.R. 902).

{¶ 32} We reiterate that appellant does not claim the receipts and other documents submitted were falsified (or other impropriety), only that the documents were not authenticated and that he did not have an opportunity to review and cross-examine about their contents. *See*, *e.g.*, *Hoffbauer*, 1st Dist. Hamilton No. C-990750, 2000 Ohio App. LEXIS 3471, at *8.

{¶ 33} In *Hoffbauer*, the First District Court of Appeals rejected the Hoffbauers' argument that it was improper to admit an affidavit into evidence during arbitration. *Id*. The Hoffhauers specifically argued that they were not given the opportunity to review the affidavit or to cross-examine regarding the affidavit at the arbitration hearing. They contended that the arbitrator's action in admitting the affidavit constituted "misbehavior" under R.C. 2711.10(C). *Id*. The court, however, noted that the argument had no merit because the Hoffbauers did not show prejudice, as required under R.C. 2711.10(C).

9.

{¶ 34} Like the *Hoffbauer* court, we cannot say the record in this case shows appellant suffered from prejudice. Furthermore, we cannot say the trial court issued an arbitrary, capricious, or unlawful judgment with regard to the contentions raised by appellant in his first two arguments.

{¶ 35} Appellant's third and fourth arguments are that the arbitrator misbehaved by being biased and allowing communication and information to be given to appellant directly (instead of to his counsel), and by allowing case law to be submitted during arbitration.

{¶ 36} Appellant specifically asserts the arbitrator failed to include his trial counsel in the communications, and therefore that his counsel did not receive the proper information and was not prepared for defendant's "claims" in arbitration. The record, however, supports and appellant concedes that he received notification and had knowledge of the arbitration. Moreover, the record reveals appellant stipulated to arbitration, was the claimant in the arbitration, prepared for arbitration, was represented by chosen counsel in arbitration, and fully participated in the arbitration. We cannot say appellant was prejudiced in any sense related to notification of the arbitration.

{¶ 37} Furthermore, assuming the case law submitted during arbitration was not fraudulently altered, and considering appellant does not claim fraud or other impropriety, we find no prejudice resulted from the submission of the case law.

{¶ 38} Accordingly, we find no merit to appellant's third and fourth arguments.

10.

{¶ 39} Appellant next argues the arbitrator had no rational support for the $0 award, and that $0 is an imperfect award because it was ruled against the evidence. Appellant contends the award should be vacated and modified to properly reflect damages caused by appellee's alleged breach of the agreement.

{¶ 40} We note that we reject appellant's arguments to the extent he is attempting to challenge the manifest weight of the evidence used in reaching the $0 award. *See*, *e.g.*, *Sparks v. Barnett*, 78 Ohio App.3d 448, 605 N.E.2d 408 (6th Dist.1992) (holding that challenges going to merits of the arbitration, such as manifest weight arguments, will not be addressed absent evidence of "misconduct, undue influence, corruption, material miscalculation, or other impropriety").

{¶ 41} To support his position appellant cites to R.C. 1302.28, which provides:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under section 1302.29 of the Revised Code an implied warranty that the goods shall be fit for such purpose.

{¶ 42} Appellant specifically asserts appellee ordered materials from the wrong list against the agreement, and thus that the arbitration award could not draw essence from the agreement. As stated above, we find to the contrary. Further, we cannot say the $0 award or confirmation thereof was arbitrary, capricious or unlawful.

11.

{¶ 43} Appellant lastly argues that his right to procedural due process was violated because he could not confront witnesses about the receipts and because he could not retain counsel where neither the arbitrator nor appellee informed his trial counsel of the arbitration.

{¶ 44} As explored above, we find no error or prejudice resulted from admission of the receipts or other agreement terms in closing arguments, and that no prejudice resulted from the communications (or lack thereof) of the arbitrator, appellee's counsel, or appellee.

{¶ 45} Further, to support his arguments appellant cites to cases in which violations of the confrontation clause and right to counsel are addressed. We fail to see or make the connection to the record in this case.

{¶ 46} More specifically, appellant cites to *Ohio Assn. of Pub. School Emps. v. Lakewood City School Dist. Bd. of Edn.*, 68 Ohio St.3d 175, 624 N.E.2d 1043 ("*Lakewood*"), and *State v. Arnold*, 147 Ohio St.3d 138, 2016-Ohio-1595, 62 N.E.3d 153 ("*Arnold*"), in an apparent attempt to support that the "Sixth Amendment to the United States Constitution" requires appellant be given a chance to challenge the receipts and agreement terms admitted in closing arguments.

{¶ 47} After reviewing *Lakewood* and *Arnold*, we disagree.

{¶ 48} We first note that *Arnold* provides an analysis that is distinguishable because the Sixth Amendment only applies in the context of criminal prosecutions, and appellant's case is a civil case. *See also Kott Ents. v. Brady*, 6th Dist. Lucas No. L-03-

12.

1342, 2004-Ohio-7160, ¶ 29 (distinguishing between rights of criminal and civil litigants, and implying Sixth Amendment applies in criminal context only). We fail to connect *Arnold* with this case.

{¶ 49} Further, *Lakewood* provides an analysis that is distinguishable in that it is about post-termination arbitration proceedings in the context of public employment, whereas appellant's arbitration proceedings regarded an alleged breach of a commercial contract.

{¶ 50} The *Lakewood* court expressed that the public employee had "a right to continued employment," which the court found was "undeniably a significant one" but "less compelling than the rights one stands to lose in a criminal prosecution." *Lakewood* at 180. It was undisputed this employment was a "protected property right," and that the party denying the process was a governmental entity. *Id*. at 176. We fail to see how appellant's case is analogous with *Lakewood*.

{¶ 51} We next address appellant's claim that he was not afforded counsel in arbitration. Appellant cites to *Brady*, specifically referencing a sentence that supports that a civil litigant has a right to retain counsel under Fifth Amendment notions of due process. *Brady* at ¶ 29. However, that sentence is buried within a paragraph as follows:

> There is no generalized right to counsel in civil litigation. *State ex rel. Jenkins v. Stern* (1987), 33 Ohio St.3d 108, 110, 515 N.E.2d 928, citing to *Potashnick v. Port City Constr. Co.* (C.A. 5, 1980), 609 F. 2d 1101, certiorari denied (1980), 449 U.S. 820, 66 L. Ed. 2d 22, 101 S. Ct.

13.

78. "Certain distinctions can be made between the rights of civil litigants and those of criminal defendants. A criminal defendant's right to counsel arises out of the sixth amendment, and includes the right to appointed counsel when necessary. * * * *A civil litigant's right to retain counsel is rooted in fifth amendment notions of due process[.] * * * A criminal defendant faced with a potential loss of his personal liberty has much more at stake than a civil litigant asserting or contesting a claim for damages, and for this reason the law affords greater protection to the criminal defendant's rights." (Citations omitted.) *Potashnick* (sic), *supra*, at 1118.

(Emphasis added.) *See Brady*.

{¶ 52} This referenced sentence is only dicta, and we find that all it supports is that appellant has a right to retain counsel of his choosing, which the record demonstrates he did. Thus, we find no error that amounts to a deprivation of due process. We reiterate that the record demonstrates appellant moved for, assisted in, and fully participated in the arbitration, along with his chosen counsel. Appellant was therefore not prejudiced or deprived of retained counsel of his choosing. Appellant's arguments have no merit.

## Conclusion

{¶ 53} The December 5, 2017 judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.　　　　

Arlene Singer, J.　　　　　

Thomas J. Osowik, J.　　　　
CONCUR.

_____
　　　　　JUDGE

_____
　　　　　JUDGE

_____
　　　　　JUDGE