DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Quality Insulation, Inc., appeals from a decision of the Lucas County Court of Common Pleas, granting the application of appellee, the International Association of Heat and Frost Insulators and Asbestos Workers, Local Union No. 45, to reduce arbitration to judgment. For the reasons that follow, we affirm.
 {¶ 2} On July 6, 2007, appellee filed an "application to reduce arbitration award to judgment." Appellee sought an order from the trial court confirming that on January *Page 2 
31, 2007, an arbitrator found that appellant had violated a collective bargaining agreement. On September 4, 2007, appellant filed an answer denying the binding effect of the arbitration proceeding. Appellant also filed a counterclaim for declaratory judgment that it was not a signatory to the collective bargaining agreement at issue.
 {¶ 3} On September 10, 2007, appellee filed a motion to dismiss appellant's counterclaim. On October 11, 2007, the trial court granted appellee's "application to reduce arbitration award to judgment" and granted appellee's motion to dismiss appellant's counterclaim. Appellant now appeals setting forth the following assignments of error:
 {¶ 4} "I. The trial court erred as a matter of law by finding that it did not have jurisdiction to consider Quality Insulation's counterclaim for declaratory judgment because Quality Insulation had not filed a motion to modify, correct or vacate within the time prescribed by Ohio Revised Code 2711.13 despite the fact that there is no evidence of a binding arbitration agreement between the parties.
 {¶ 5} "II. The trial court erred as a matter of law in confirming the arbitration award rendered against Quality Insulation, and in favor of Local 45, as the trial court record contains no admissible evidence that there was ever any binding arbitration agreement between the parties."
 {¶ 6} In its first assignment of error, appellant contends that the court erred in finding that it lacked jurisdiction to consider appellant's counterclaim. *Page 3 
 {¶ 7} R.C. 2711.09 provides that "[a]t any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code."
 {¶ 8} The Supreme Court of Ohio in Galion v. Am. Fedn. of State, Cty. Mun. Emp., Ohio Council 8, AFL-CIO, Local 2243 (1995),71 Ohio St.3d 620, 622, stated, "[i]n our view, the language of R.C. 2711.13 is clear, unmistakable, and above all mandatory." The court held that "R.C. 2711.13 provides a three-month period within which a party must file a motion to vacate, modify, or correct an arbitration award under R.C. 2711.10 or 2711.11." Id. at paragraph one of the syllabus. If such an application is not filed within that period, the trial court lacks jurisdiction to vacate, modify, or correct the award. Id.
 {¶ 9} Pursuant to R.C. 2711.09, the trial court was required to confirm the arbitration award upon appellee's motion. Thus, appellant's only avenue of recourse was to file a motion to modify or vacate the award pursuant to R.C. 2711.13. Such a motion was never filed. "The arbitration procedure set forth in R.C. Chapter 2711 authorizes a limited and narrow judicial review of an arbitration award and a de novo review of the merits of the dispute is not within the contemplation of the statute." Hausser Taylor, LLP v. Accelerated Sys. Integration,Inc., 8th Dist. No. 84748, 2005-Ohio-1017, ¶ 38, quoting AssetAcceptance LLC v. Stancik, 8th Dist. No. 84491, 2004-Ohio-6912. *Page 4 
 {¶ 10} Accordingly, appellant's first assignment of error is found not well-taken. As such, appellant's second assignment of error is moot.
 {¶ 11} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., Concur. *Page 1