[Cite as *Carothers v. Shumaker, Loop & Kendrick, L.L.P.*, 2023-Ohio-1907.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

C. Graham Carothers, Jr., Esq.                    Court of Appeals No.  L-22-1110

    Appellant/Cross-appellee                    Trial Court No.  CI0202201971

v.

Shumaker, Loop & Kendrick, LLP          **DECISION AND JUDGMENT**

    Appellee/Cross-appellant                     Decided:  June 2, 2023

* * * * *

Adam R. Richards and Jonathan N. Bond, for appellant/cross-appellee.

Gerald R. Kowalski and Sarah K. Skow, for appellee/cross-appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which denied appellant/cross-appellee's motion to vacate arbitration award and which denied appellee/cross-appellant's motion to modify or correct arbitration award. For the reasons set forth below, this court affirms the judgment of the trial court.

## I. Background

{¶ 2} From 2003 to 2018, appellant/cross-appellee C. Graham Carothers, Jr. (hereafter "Carothers") was an attorney and equity partner with law-firm appellee/cross-appellant Shumaker, Loop, and Kendrick, LLP (hereafter "Shumaker"). On July 31, 2018, Carothers voluntarily resigned his partnership with Shumaker and immediately joined a competing law practice in the same building. A dispute then arose between the parties regarding Shumaker's final partnership payments to Carothers totaling over $375,000.

{¶ 3} The dispute proceeded to binding arbitration under the partnership agreement in effect between them. The partnership agreement contains a broad clause to arbitrate "any claim" between Carothers and Shumaker.[1] In 2020, Carothers made a demand for arbitration asserting claims against Shumaker for breach of contract, declaratory judgment and specific performance and seeking the following relief: (1) damages in excess of $375,000 for "retirement income" due under the partnership agreement; (2) a determination of all the factual and legal issues set forth under the demand for damages, the non-compete clause of the partnership agreement, and any other

---

[1] For our purposes the arbitration clause is section No. 14.11 of the partnership agreement and broadly states that "any claim" between a partner and Shumaker shall be "resolved" pursuant to binding, commercial arbitration administered by the American Bar Association. The interpretation of the partnership agreement shall be in accordance with Ohio law. The arbitrator's decision shall be "final."

2.

matters associated with his "retirement income"; and (3) any further just and proper relief available to him.

{¶ 4} The parties waived oral argument and submitted opposing summary-judgment motions and other evidence for the arbitrator's consideration. As described by the trial court, one issue submitted to the arbitrator was whether the non-compete clause impacted "benefits upon retirement," and in reaching his decision, the arbitrator addressed pertinent questions regarding: whether the "retirement income" clause benefits constituted "earned income"; whether Prof.Cond.R. 5.6(a)[2] requires "actual" retirement from the practice of law; and whether the non-compete clause constituted an agreement on "benefits upon retirement." On October 12, 2021, the arbitrator issued his order and award in which he resolved the arbitration as follows: the "retirement income" clause benefits are not "earned income"; Prof.Cond.R. 5.6(a) does not require "actual" retirement from the practice of law and that both the "retirement income" and non-compete clauses are express exceptions to that rule; and the non-compete clause is an agreement on "benefits upon retirement," but is "overly restrictive," and is refined to eliminate the 200-mile radius geographic restriction and to reduce the five-year time

---

[2] Prof.Cond.R. 5.6(a) states, "A lawyer shall not participate in offering or making either of the following: (a) a partnership, shareholders, operating, employment, or other similar type of agreement that restricts the right of a lawyer to practice after termination of the relationship, except an agreement concerning benefits upon retirement[.]"

3.

restriction to two years. Both parties challenged the arbitration award to the trial court pursuant to R.C. 2711.13.

{¶ 5} Carothers applied to vacate the arbitration award, arguing under R.C. 2711.10(D), the arbitrator exceeded his authority by making an award that restricts an attorney's ability to competitively practice law and a client's right to choose counsel, which are against public policy and Ohio law. Separately, Shumaker applied to modify or correct the arbitration award, arguing under R.C. 2711.11(B), part of the arbitrator's award, which reduced provisions of the non-compete clause of the partnership agreement, was an issue not submitted to the arbitrator. Each party opposed the other's application, and as journalized on April 18, 2022, the trial court denied both applications. Then, upon remand from this court and as journalized on June 6, 2022, the trial court entered the judgment as final and appealable under Civ.R. 54(B).

{¶ 6} Carothers timely appealed under R.C. 2711.15, and set forth one assignment of error: "The Trial Court erred by confirming an Arbitration Award ('Award') that violates Ohio's well-defined public policies against restricting a lawyer's autonomy and a client's freedom to retain a lawyer of his or her choice."

{¶ 7} Shumaker timely cross-appealed under R.C. 2711.15, and set forth five cross-assignments of error:

4.

1. The trial court erred when it denied Shumaker's Motion to Modify or Correct the October 12, 2021 Arbitration Award on the basis that it was not empowered to "vacate all or part of the Arbitrator's award."

2. The trial court erred when it improperly applied and incorporated its reasoning denying Appellant/Cross-Appellee's Motion to Vacate the Arbitration Award under R.C. 2711.10(D), instead of analyzing Shumaker's Motion to Modify or Correct the October 12, 2021 Arbitration Award under the applicable and discrete statute of R.C. 2711.11(B).

3. The trial court erred when it failed to decide Shumaker's Motion to Modify or Correct the October 12, 2021 Arbitration Award under R.C. 2711.11(B), and instead improperly analyzed and rendered its decision on Shumaker's Motion as one to "vacate all or part of the Arbitrator's award" under 2711.10.

4. The trial court erred when it confirmed the portion of the Award ordering Shumaker to eliminate the 200-mile radius and amend and reduce 5-year time restrictions in Section 14.5 of the Partnership Agreement where the arbitrator lacked the authority to issue such a remedy under the Agreement's plain terms.

5. The trial court erred when it confirmed the October 12, 2021 Arbitration Award without modifying or correcting the Award to eliminate

or exclude the arbitrator's decision on matters regarding the 200-mile radius and 5-year time period restrictions in Section 14.5 where the parties had not submitted that issue to the arbitrator on the cross-motions for summary judgment and it was outside the scope of the matters being decided in the arbitration.

## II. Arbitration

{¶ 8} All assignments of error challenge the scope of the trial court's role in denying each party's application to either vacate or modify or correct the arbitration award.

{¶ 9} The entire purpose of the underlying arbitration proceeding between Carothers and Shumaker is that the parties contractually agreed to submit "any claim" to an arbitrator, and in so doing, they agreed to accept the arbitrator's view of the facts and the meaning of the contract between them. *Southwest Ohio Regional Transit Auth. v. Amalgamated Transit Union, Local 627*, 91 Ohio St.3d 108, 110, 742 N.E.2d 630 (2001). "When agreeing to arbitration, the parties agree to accept the arbitrator's award even if it results in a legally or factually inaccurate decision." *Internatl. Assn. of Firefighters Local 92 v. Toledo*, 136 Ohio App.3d 56, 60-61, 735 N.E.2d 960 (6th Dist.1999); *Goodyear Tire & Rubber Co. v. Local Union No. 200, United Rubber, Cork, Linoleum & Plastic Workers of America*, 42 Ohio St.2d 516, 523, 330 N.E.2d 703 (1975) (where the parties chose the arbitrator to be the judge, the matter ends when the judge has spoken). The

6.

parties do not forgo the substantive rights of their disputes in arbitration, but they trade the procedures and review of a judicial forum for the simplicity, informality and expediency of an arbitral forum. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628, 87 L.Ed.2d 444, 105 S.Ct. 3346 (1985).

{¶ 10} "The only way to give effect to the purposes of the arbitration system of conflict resolution is to give lasting effect to the decisions rendered by an arbitrator whenever that is possible." *Hillsboro v. Fraternal Order of Police, Ohio Labor Council, Inc.*, 52 Ohio St.3d 174, 176, 556 N.E.2d 1186 (1990). When parties agree to submit a dispute to arbitration, the arbitrator's decision must be final and binding whether or not agreed to by the parties. *Miller v. Gunckle*, 96 Ohio St.3d 359, 2002-Ohio-4932, 775 N.E.2d 475, ¶ 10. "In order to uphold the strong public policy favoring private settlement of grievances, the General Assembly has limited the role of judicial review" of arbitration awards. *Lake Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professional Assn. for Teaching of Mentally Retarded*, 71 Ohio St.3d 15, 17, 641 N.E.2d 180 (1994). R.C. Chapter 2711 governs arbitrations and the methods to challenge an arbitration award. *Warren Educ. Ass'n v. Warren City Bd. of Educ.*, 18 Ohio St.3d 170, 173, 480 N.E.2d 456 (1985).

{¶ 11} This court consistently recognizes that arbitration is intended to be a final, binding determination of the dispute in all circumstances, except for those specifically stated in R.C. Chapter 2711. *Khaledi v. Nickris Properties, Inc.*, 6th Dist. Huron No. H-

7.

17-015, 2018-Ohio-3087, ¶ 24; *Cousino v. Stewart*, 6th Dist. Fulton No. F-05-004, 2005-Ohio-6245, ¶ 18; *Davidson v. Robertson Orchards, Inc.*, 6th Dist. Huron No. H-99-020, 2000 WL 376407, *2 (Apr. 14, 2000); *Erie Cty. Sheriff v. Fraternal Order of Police*, 6th Dist. Erie No. E-99-075, 2000 WL 1867935, *2 (Dec. 22, 2000). "[E]ven a grossly erroneous [arbitration] decision [of law or fact] is binding in the absence of fraud." *Goodyear Tire* at 522. No party argues fraud.

### III. Application to Vacate Arbitration Award

{¶ 12} In support of his assignment of error, Carothers argues the trial court erred when it denied his application to vacate the arbitration award, under R.C. 2711.10(D), because the arbitrator exceeded his authority by violating well-defined public policies prohibiting restrictions on an attorney's ability to competitively practice law and on a client's right to choose counsel. Carothers argues this public-policy exception authorizes this court's de novo review to reach down to the merits of the arbitrator's decision.

{¶ 13} Shumaker responds there is no trial court error where Carothers merely disagrees with the arbitrator's decision where an advisory opinion by the American Bar Association[3] does not, and cannot, mandate Ohio courts and the Ohio Supreme Court, which regulates the legal profession in Ohio, blindly follow, and which they have not followed. Citing *Cleveland v. Cleveland Police Patrolmen's Assn.*, 2016-Ohio-702, 47

---

[3] "Permissibility of Restrictive Covenants in Lawyer Agreements Concerning Benefits Upon Retirement," 2006 Am. Bar Assn.Ops. No. 06-444 (hereafter, "ABA opinion").

N.E.3d 904, ¶ 27 (8th Dist.), Shumaker argues the reviewing courts must distinguish between the arbitrator's act in excess of his powers, which is a statutory ground to vacate the award, from an error in the way the arbitrator executed his powers, which is not a statutory ground to vacate.

{¶ 14} The trial court shall vacate an arbitration award if, "'[t]he arbitrators exceeded their powers* * *.'" *Fowler v. Menards, Inc.*, 2018-Ohio-4052, 113 N.E.3d 568, ¶ 14 (6th Dist.), quoting R.C. 2711.10(D). In turn, our appellate review of the trial court's denial of Carothers' application to vacate the arbitration award is limited to determining the existence of the statutory grounds, i.e., whether under R.C. 2711.10(D) the arbitrator exceeded his powers. *Assn. of Cleveland Fire Fighters, Local 93 v. Cleveland*, 2022-Ohio-824, 186 N.E.3d 313, ¶ 26 (8th Dist.); *Portage Cty. Bd. of Developmental Disabilities v. Portage Cty. Educators' Assn. for Developmental Disabilities*, 2017-Ohio-888, 86 N.E.3d 580, ¶ 13 (11th Dist.), *aff'd,* 153 Ohio St.3d 219, 2018-Ohio-1590, 103 N.E.3d 804, ¶ 13; *Erie Cty.* at *2.

{¶ 15} "When reviewing a decision of a common pleas court * * * vacating * * * an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous but decide questions of law de novo. (*First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 131 L.Ed.2d 985, 115 S.Ct. 1920 (1995), followed.)" *Portage Cty. Bd. of Developmental Disabilities*, 153 Ohio St.3d 219, 2018-Ohio-1590, 103 N.E.3d 804, syllabus. Whether an arbitrator has exceeded his or her authority is a question of

9.

law. *Id.* at ¶ 25. Contrary to Carothers' urging, our de novo review of the existence of statutory grounds under R.C. 2711.10(D), is not a de novo review of the merits of the dispute as presented to the arbitrator. *Zeck v. Smith Custom Homes & Design, LLC*, 8th Dist. Cuyahoga No. 110574, 2022-Ohio-622, ¶ 12; *Internatl. Assn. of Heat & Frost Insulator & Asbestos Workers, Local Union No. 45 v. Quality Insulation, Inc.*, 6th Dist. Lucas No. L-07-1374, 2008-Ohio-2982, ¶ 9.

{¶ 16} Conversely, "'if the arbitrator has *not* exceeded his or her powers, the award should not be vacated or modified, absent any of the other circumstances in R.C. 2711.10 and 2711.11 (such as corruption, fraud, misconduct, partiality, or material mistake).'" (Emphasis sic.) *Bd. of Trustees of Miami Twp. v. Fraternal Order of Police*, 81 Ohio St.3d 269, 273, 690 N.E.2d 1262 (1998), quoting *Queen City Lodge No. 69, Fraternal Order of Police, Hamilton Cty., Ohio, Inc. v. Cincinnati*, 63 Ohio St.3d 403, 407, 588 N.E.2d 802 (1992). Carothers does not argue corruption, fraud, misconduct, partiality, or material mistake by the arbitrator.

{¶ 17} Pursuant to R.C. 2711.15, "An appeal may be taken from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding or from judgment entered upon an award." Our R.C. 2711.15 review is confined to the trial court's order and does not include a review of the original arbitration proceedings. *Warren Educ. Ass'n,* 18 Ohio St.3d at 173-74, 480 N.E.2d 456, citing *Lockhart v. Am. Res. Ins. Co.*, 2 Ohio App.3d 99, 101, 440 N.E.2d 1210 (8th Dist.1981).

10.

**{¶ 18}** The trial court's order determined:

Pursuant to Section 14.11 of the [partnership] Agreement, the parties' dispute was required to be resolved by mandatory arbitration. Carothers submitted a demand for arbitration ("Demand"), and the parties agreed that the issues could be resolved with reference to the summary judgment standards in Civ.R. 56. The Agreement required the Arbitrator to interpret and enforce the contract in accordance with Ohio law.

**{¶ 19}** The parties disputed the interpretation of the non-compete clause, section No. 14.5 of the partnership agreement, which generally states that unless Shumaker's management committee approves otherwise, any partner who violates the 200-mile geographic and five-year temporal non-compete restrictions "shall forfeit all of such partner's retirement income[4] not previously paid," regardless of age. As stated by the trial court:

There is no dispute that the competing legal practice Carothers joined upon separating from Shumaker violated these terms: he joined his

---

[4] Article X of the partnership agreement is entitled, "retirement income." Section No. 10.1 defines any computation under Article X as "retirement income"; section No. 10.2 defines the conditions for payment of deferred retirement income when the partner separates from service prior to age 60 (Carothers resigned from Shumaker at age 50); and section No. 10.9 defines limitations on the payment of "retirement income."

new firm immediately upon his separation, and the office in which he worked was located in the same building as the Shumaker office he had just left. There is also no dispute that Carothers knew that he would not be able to receive the "retirement income" payments upon his joining his new firm at the time he resigned from Shumaker.

{¶ 20} The trial court's decision described how the parties submitted to the arbitrator the issue of whether the non-compete clause impacted "benefits upon retirement." The trial court further described that in reaching his decision, after consideration of the evidence and law presented, the arbitrator answered pertinent questions as follows: whether the benefits under the "retirement income" clause constituted "earned income" (answered in the negative); whether Prof.Cond.R. 5.6(a) requires "actual" retirement from the practice of law (answered in the negative); and whether the non-compete clause constituted an agreement on "benefits upon retirement" (answered in the affirmative).

{¶ 21} "The authority of an arbitrator to interpret and enforce a contract is drawn from the contract itself, and for this reason we have held that '[a]n arbitrator's authority is limited to that granted him by the contracting parties, and does not extend to the determination of the wisdom or legality of the bargain.'" *Cedar Fair, L.P. v. Falfas*, 140 Ohio St.3d 447, 2014-Ohio-3943, 19 N.E.3d 893, ¶ 5, quoting *Goodyear Tire*, 42 Ohio St.2d at 519, 330 N.E.2d 703. So long as the arbitrator acts within the scope of the

12.

contract, a reviewing court will not reverse, even if upon the arbitrator's improper determination of the facts, or upon the misinterpretation of the contract itself, or if the remedy fashioned is not explicitly mentioned in the contract. *Id.* at ¶ 6; *see Bellevue v. Am. Fedn. of State, Cty. & Mun. Emp., AFL CIO, Ohio Council 8 & Local 2571*, 6th Dist. Sandusky No. S-02-038, 2003-Ohio-7259, ¶ 25, citing *Bd. of Trustees of Miami Twp.*, 81 Ohio St.3d at 273, 690 N.E.2d 1262 (arbitrators have broad authority to fashion remedies, including remedies not explicitly mentioned in the contract). "When a provision in a [contract] is subject to more than one reasonable interpretation and the parties to the contract have agreed to submit their contract interpretation disputes to final and binding arbitration, the arbitrator's interpretation of the contract, and not the interpretation of a reviewing court, governs the rights of the parties thereto." *Hillsboro*, 52 Ohio St.3d 174, 556 N.E.2d 1186, at syllabus.

**{¶ 22}** Nevertheless, for purposes of R.C 2711.10(D), arbitrators can exceed their powers if the award fails to draw its essence from the contract, where such essence is described as "'a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful.'" *Cedar Fair* at ¶ 7, quoting *Mahoning Cty. Bd. of Mental Retardation & Developmental Disabilities v. Mahoning Cty. TMR Educ. Ass'n.*, 22 Ohio St.3d 80, 488 N.E.2d 872 (1986), paragraph one of the syllabus; *Southwest Ohio Regional Transit Auth.,* 91 Ohio St.3d at 110, 742 N.E.2d 630. This court has consistently held that an arbitrator's award must be upheld, and the inquiry to

13.

vacate the award ends, if the award draws its essence from the parties' agreement. *Toledo Clinic, Inc. v. Martinez*, 6th Dist. Lucas No. L-17-1293, 2019-Ohio-431, ¶ 11; *Fowler*, 2018-Ohio-4052, 113 N.E.3d 568, at ¶ 22, citing *Eastwood Local School Dist. Bd. of Edn. v. Eastwood Edn. Assn.*, 172 Ohio App.3d 423, 2007-Ohio-3563, 875 N.E.2d 139, ¶ 20 (6th Dist.); *Bowden v. Weickert*, 6th Dist. Sandusky No. S-02-017, 2003-Ohio-3223, ¶ 29.

{¶ 23} Upon de novo review, we find the arbitrator's award draws its essence from the partnership agreement because there is a rational nexus to the partnership agreement, and the award is not arbitrary, capricious or unlawful. The trial court acknowledged that Carothers strongly advocated throughout the arbitration proceedings that his "retirement income" prior to age 60 is, instead, "actual earned income" such that anything forfeited by the non-compete clause did not impact his "earned income." As succinctly stated by the trial court, the "Arbitrator found that not to be the case." The record before us contains no evidence of corruption, fraud, misconduct, partiality, or material mistake by the arbitrator.

{¶ 24} Carothers does not argue for his assignment of error that the arbitrator's decision was clearly erroneous,[5] so that issue is not before us. However, Carothers

---

[5] "Clearly erroneous" means the reviewing court has a definite and firm conviction that a mistake has been committed upon consideration of the entire body of evidence, even if some evidence supports the finding. *State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607, ¶ 19, fn. 4.

14.

argues that the partnership agreement itself contains a non-compete clause that violates well-defined Ohio public policy resulting in the arbitrator exceeding his authority by issuing an arbitration award in reliance of that offensive clause. While we do not review the underlying wisdom or legality of the partnership agreement, *see Cedar Fair* at ¶ 5, we will review Carothers' claim of a public-policy exception that supports vacating the arbitration award pursuant to R.C. 2711.10(D).

{¶ 25} Citing to *Cuyahoga Cty. v. United Autoworkers Region 2-B, Local 70, Correction Officer Corporals' Bargaining Unit*, 8th Dist. Cuyahoga No. 108411, 2020-Ohio-3965, ¶ 20, Carothers argues a de novo review of whether the arbitration award violates well-defined public policy is an independent review of the legal and factual determinations in the case. We disagree. That court acknowledged the necessary restraint in conducting the de novo review. "'Absent an award that clearly violates a well-defined and dominant public policy, our review requires deference to upholding the arbitrator's decision.'" *Id.* at ¶ 24, quoting *Cuyahoga Metropolitan Hous. Auth. v. Fraternal Order of Police Ohio Labor Council, Inc.*, 2018-Ohio-1079, 108 N.E.3d 1220, ¶ 37 (8th Dist.). That court also affirmed its de novo review is not whether that appellee's conduct violated public policy, but whether the arbitrator's decision to reinstate that appellee's employment violated public policy. *Id.* at ¶ 35. That is distinguishable from this case.

15.

{¶ 26} Carothers further argues the trial court erred when it failed to find a public-policy exception "by conflating the standards for reviewing the Award and requiring too much for a public policy in Ohio to be well-defined." Yet Carothers argues the long-standing public policy "that firms cannot subject lawyers to non-competes" is well-defined, citing *Cincinnati Bar Assn. v. Hackett*, 129 Ohio St.3d 186, 2011-Ohio-3096, 950 N.E.2d 969, ¶ 8-9 and Prof.Cond.R. 5.6, Official Comment [1].[6] We find the *Cincinnati Bar* decision is silent on the retirement-benefits exception stated in Prof.Cond.R. 5.6(a), which is germane to Carothers' assignment of error. Carothers then argues, citing "Permissibility of Restrictive Covenants in Lawyer Agreements Concerning Benefits Upon Retirement," 2006 Am. Bar Assn.Ops. No. 06-444, that because he resigned while in the prime of his career with no intention of retiring, there is no retirement-benefit exception to Ohio's counterpart to the ABA model rule.[7] Carothers then concludes that where the arbitrator agreed that Ohio had adopted the ABA model rule, then the foregoing ABA opinion was the law to be applied and the arbitrator failed to properly apply the law.

---

[6] Prof.Cond.R. 5.6, Official Comment [1] states, "An agreement restricting the right of lawyers to practice after leaving a firm not only limits their professional autonomy but also limits the freedom of clients to choose a lawyer. Division (a) prohibits such agreements except for restrictions incident to provisions concerning retirements benefits for service with the firm."

[7] The ABA opinion reviewed the ABA Model Rule of Professional Conduct 5.6(a) when it determined the only "retirement benefit" to be restricted under the Model Rule is when the lawyer is terminating or winding down his or her legal career.

16.

**{¶ 27}** The trial court's order directly addressed Carothers' claim the arbitrator did not heed the ABA opinion. The trial court stated:

Notably, however, and as expressly discussed in the Award, ABA Formal Op. 06-444 has never been cited by any Ohio court – or any other court – or in any Ohio legal ethics opinion. It cannot therefore be described as a "clearly defined legal principle" under Ohio law "not subject to reasonable debate." Indeed, the parties' briefs on Carothers' motion to vacate, and the parties' summary judgment briefs as submitted to the Arbitrator, contain extensive "reasonable debate" on the subject. The ABA Opinion is merely persuasive (not binding) authority. As such, it was considered – along with the text of the Ohio Rule of Professional Conduct 5.6(a) and other permissible sources of persuasive authority, including sister-state cases interpreting the language – in the Award. The Arbitrator ultimately concluded that there was not authority to read into Rule 5.6(a) a requirement that benefits be solely available to retiring attorneys.

This Court cannot say that this determination by the Arbitrator, as reflected in the Award, flouts clearly defined Ohio law. The Arbitrator did not refuse to heed this purported principle. It may have been that, undertaking the same detailed review, this Court would have come to a different conclusion. This Court, however, is not empowered under R.C.

17.

2711.10 to undertake that review and has not done so. This Court declines to vacate the Award as requested in Carothers' motion.

**{¶ 28}** We find no trial court error when it concluded that it is not empowered under R.C. 2711.10 to review the arbitrator's decision and declined to conduct such review. "The fact that the common pleas court may have arrived at a different conclusion than did the arbitrator is immaterial. The common pleas court does not balance the equities, weigh the evidence or assess the credibility of witnesses. Instead, a common pleas court is bound by an arbitrator's factual findings and serves only as a mechanism to enforce the arbitrator's award." *Motor Wheel Corp. v. Goodyear Tire & Rubber Co.*, 98 Ohio App.3d 45, 52, 647 N.E.2d 844 (8th Dist.1994), citing *Warren Educ. Ass'n,* 18 Ohio St.3d 170, 480 N.E.2d 456, citing also *Sparks v. Barnett*, 78 Ohio App.3d 448, 605 N.E.2d 408 (6th Dist.1992), citing also *Lockhart v. Am. Res. Ins. Co.*, 2 Ohio App.3d at 101, 440 N.E.2d 1210.

**{¶ 29}** Carothers then cites to *Akron Metro. Hous. Auth. v. Local 2517, Am. Fedn. of State, Cty., & Mun. Emp., AFL-CIO*, 161 Ohio App.3d 594, 2005-Ohio-2965, 831 N.E.2d 493, ¶ 8 (9th Dist.), arguing the trial court had a duty to refrain from enforcing a contract interpretation that violates the well-defined public policy favoring "lawyer autonomy and the public's right to counsel of their choice." We are not persuaded. That court determined that "[w]orkplace safety is a well defined and dominant public policy based on federal, state and common law." *Id.* at ¶ 9, citing *Kulch v. Structural Fibers,*

18.

*Inc.*, 78 Ohio St.3d 134, 152–53, 677 N.E.2d 308 (1997) (reviewing occupational safety and health policies and regulations). Safety policies and regulations are distinguishable from the public policies raised by Carothers.

{¶ 30} However, we agree with that court's recognition of the absence of a broad judicial power to use alleged public policy violations to set aside arbitration awards. *Id.* at ¶ 8. The Ohio Supreme Court guides us that vacating an arbitration award pursuant to public policy must be approached with caution and only where the public policy is well-defined and dominant by reference to laws and legal precedents and not to general considerations of supposed public interests. *Southwest Ohio Regional Transit Auth*, 91 Ohio St.3d at 112, 742 N.E.2d 630. The foregoing caution identifies a narrow exception to a court's "hands off" policy in reviewing arbitration awards and does not otherwise sanction a broad judicial power to set aside arbitration awards as against public policy. *Id.* Carothers does not meet the public-policy exception. "The 'cloak of public policy' cannot be used 'to seek a review of the merits' of an arbitration award." *Cleveland,* 2016-Ohio-702, 47 N.E.3d 904, at ¶ 44, quoting *Akron v. Akron Firefighters Assn.*, 9th Dist. Summit No. 27119, 2015-Ohio-994, ¶ 20.

{¶ 31} Upon de novo review, we find no trial court error finding no grounds exist under R.C. 2711.10(D), to vacate the arbitration award, including the determination the arbitrator's award does not "[flout] clearly defined Ohio law." Even agreeing with Carothers that the arbitrator properly determined the ABA opinion was the law in Ohio,

19.

we must defer to the arbitrator's authority to interpret and apply that law and the partnership agreement to the submitted dispute. *Hillsboro*, 52 Ohio St.3d 174, 556 N.E.2d 1186, at syllabus.

{¶ 32} Carothers' assignment of error is not well-taken.

## IV. Application to Modify or Correct Arbitration Award

{¶ 33} Shumaker applied for the trial court to modify or correct the arbitration award, under R.C. 2711.11(B), by reinstating the partnership agreement's original geographic and temporal restrictions. Shumaker's five cross-assignments of error collectively argue the trial court violated R.C. 2711.11(B) in mainly two ways: by employing the incorrect analysis under R.C. 2711.10(D), not R.C. 2711.11(B), to conclude "it was not empowered" to modify or correct the arbitration award (cross-assignments of error Nos. one, two and three); and by failing to determine the arbitrator exceeded his authority when the arbitration award allegedly reached outside the scope of matters submitted to the arbitrator (cross-assignments of error Nos. four and five). Shumaker argued that whether the partnership agreement is "overbroad" and should be "refined" was not specifically submitted to the arbitrator to resolve.

{¶ 34} In response, Carothers argues the scope of the non-compete clause was submitted to the arbitrator, briefed to the arbitrator by the parties, and no trial court error occurred "by refusing to modify an award it was powerless to modify[.]"

20.

{¶ 35} The trial court shall order modification or correction of an arbitration award if, "'The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted.'" *Fowler*, 2018-Ohio-4052, 113 N.E.3d 568, at ¶ 15, quoting R.C. 2711.11(B); *Huber Hts. v. Fraternal Order of Police*, 73 Ohio App.3d 68, 75, 596 N.E.2d 571 (2d Dist.1991). Pursuant to R.C. 2711.11, the trial court shall order modification and correction of the arbitration award if the conditions expressed in R.C. 2711.11(B), are found and "so as to effect the intent thereof and promote justice between the parties." *Util. Workers Union of America Local 436-A v. E. Ohio Regional Wastewater Auth.*, 2017-Ohio-7794, 97 N.E.3d 960, ¶ 19 (7th Dist.).

{¶ 36} "When reviewing a decision of a common pleas court * * * modifying * * * or correcting an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous but decide questions of law de novo." *Portage Cty. Bd. of Developmental Disabilities*, 153 Ohio St.3d 219, 2018-Ohio-1590, 103 N.E.3d 804, at syllabus. Whether the arbitrator ruled upon matters not submitted is a question of law. *Cuyahoga Cty. Court of Common Pleas, Juvenile Div. v. Laborers' Internatl. Union of N. America, Local Union No. 860*, 8th Dist. Cuyahoga No. 110962, 2022-Ohio-2866, ¶ 25.

{¶ 37} Our de novo review is to determine if grounds exist under R.C. 2711.11(B) for the trial court to modify or correct the award, and does not include a review of the original arbitration proceedings or of the merits of the disputes as presented to the

21.

arbitrator, absent material mistake or extensive impropriety. *Cleveland v. Cleveland Police Patrolmen's Assn.*, 8th Dist. No. 111076, 2022-Ohio-4284, 202 N.E.3d 787, ¶ 19. Shumaker does not argue material mistake or extensive impropriety. Our analysis is limited to "the face of the trial court's order to determine whether it erred as a matter of law." *Akron*, 9th Dist. Summit No. 27119, 2015-Ohio-994, at ¶ 10.

### A. Referencing R.C. 2711.10(D)

{¶ 38} For its first, second and third cross-assignments of error, Shumaker argues the trial court used the incorrect analysis under R.C. 2711.10(D), not R.C. 2711.11(B), to conclude "it was not empowered" to modify or correct the arbitration award. Carothers responds that the trial court followed R.C. 2711.11(B), and there is no trial court error where Shumaker merely disagrees with the trial court's decision.

{¶ 39} The trial court's decision under R.C. 2711.11(B) referenced its analysis of Carothers' application to vacate pursuant to R.C. 2711.10(D). The trial court's analysis and conclusion that the arbitrator did not exceed his authority under R.C. 2711.10(D) is consistent with a holding that modification or correction under R.C. 2711.11(B) is unwarranted. *Huber Hts.*, 73 Ohio App.3d at 75, 596 N.E.2d 571.

{¶ 40} Upon de novo review, we do not find the trial court's analysis under R.C 2711.11(B) is incorrect. Shumaker's first, second, and third cross-assignments of error are not well-taken.

### B. Was the Relief Ordered Submitted to Arbitrator?

22.

{¶ 41} Shumaker argues under its fourth and fifth cross-assignments of error that the trial court erroneously concluded the arbitrator had the authority to issue an advisory opinion and to order revisions to the geographic and temporal restrictions in the partnership agreement's non-compete clause. The trial court's decision stated, after reviewing Carothers' demand for arbitration, the summary judgment pleadings, and the supporting deposition testimony cited by those pleadings addressing the reasonableness of the scope of the non-compete clause restrictions, "it would be a stretch to state that the issue was not submitted at all."

{¶ 42} Nevertheless, Shumaker argues that Carothers did not specifically ask for the non-compete clause to be rewritten, amended, or refined, and the stipulations submitted to the arbitrator for summary judgment purposes did not specifically request that determination. Shumaker further argues the arbitrator lacks authority to fashion a remedy that purports to amend the partnership agreement when the partnership agreement itself can only be amended by the vote of the equity partners. Citing to *Sicor Secs., Inc. v. Albert*, 2d Dist. Montgomery No. 22799, 2010-Ohio-217, *1-2, Shumaker argues, "By proceeding to summary judgment without any mention of the scope of the geographic or temporal restrictions, Carothers withdrew those arguments by not raising them and limited the arbitrator's ability to consider those issues on summary judgment."

{¶ 43} In response, Carothers argues "the entire issue [submitted to arbitration] was the enforceability of [Shumaker's] non-compete[.]" Even if we had the arbitration

23.

record before us, which we do not, our appellate review would not disturb any arbitrator error misinterpreting the stipulations. *See Sicor*, 2d Dist. Montgomery No. 22799, 2010-Ohio-217, at *3 (the court must be "deaf" to claims of arbitrator factual or legal errors).

**{¶ 44}** As we previously discussed, the trial court's order lays out how the arbitrator resolved the issues submitted to him by the parties and fashioned the relief in the arbitration award. Specifically, we find the trial court determined that Carothers had clearly submitted at paragraph No. 69 the following demands for the arbitrator to resolve:

> Active disputes among the parties exist regarding the Agreement,
> including, but not limited to (i) whether or not the forfeiture provision in
> Section 14.5 of the Agreement is reasonable, void, voidable, an improper
> penalty, or enforceable, * * * [and] (v) that the time and scope restrictions
> in Section 14.5 are unreasonable, unenforceable, and not narrowly tailored
> to protect only legitimate, enforceable and legal interests of Respondent[.]

**{¶ 45}** The power to award a remedy is an integral part of the arbitration process. "In the absence of language restricting the authority of an arbitrator to review a particular subject matter or to award a particular remedy, courts will generally hold that an arbitrator has the authority to make the award and to fashion a remedy even though the agreement is silent on the issue of remedial authority." *Miller*, 96 Ohio St.3d 359, 2002-Ohio-4932, 775 N.E.2d 475, at ¶ 19, citing *Queen City Lodge No. 69*, 63 Ohio St.3d at 406, 588 N.E.2d 802; *Util. Workers*, 2017-Ohio-7794, 97 N.E.3d 960, at ¶ 22.

24.

**{¶ 46}** The arbitrator's award fashioning relief after interpreting the partnership agreement is a matter submitted to the arbitrator, and R.C. 2711.11(B) does not apply to modify or correct that aspect of the award. *Ohio Patrolmen's Benevolent Assn. v. Trenton*, 2013-Ohio-3311, 996 N.E.2d 525, ¶ 29 (12th Dist.); *Charles Fazio & Assoc. Inc. v. Miesen*, 8th Dist. Cuyahoga No. 68596, 1996 WL 200159, *6 (Apr. 25, 1996). "'As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority' a court should not overturn the decision, even if 'convinced the he committed serious error.'" *Painesville City Local Schools Bd. of Edn. v. Ohio Assn. of Pub. School Emps.*, 11th Dist. Lake No. 2005-L-100, 2006-Ohio-3645, ¶ 37, quoting *United Paperworkers Intern. Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38, 98 L.Ed.2d 286, 108 S.Ct. 364 (1987) (in the absence of evidence of fraud or arbitrator dishonesty, the arbitration award is enforceable). Shumaker does not argue fraud or arbitrator dishonesty.

**{¶ 47}** The trial court viewed Shumaker's challenge to the arbitrator's authority as a question of standing, where the trial court agreed with Shumaker that the arbitrator's "refinements" to the overbroad non-compete clause "have literally no impact on Carothers' entitlement to Article X [retirement income] benefits on the undisputed facts. Carothers, it is conceded, began work with the competing law firm immediately upon his separation from Shumaker, and did so in the very same building in which he had previously worked." The trial court continued, "There is a very real question of

25.

remoteness and causation on this point; it seems clear that on the undisputed facts the 'overbreadth' of the restrictions caused no injury to Carothers, and revising them therefore remedies nothing." In any event, the trial court concluded that for the same reasons in its R.C. 2711.10(D) analysis, it lacked the power to grant Shumaker's application to modify or correct the arbitration award. We agree. The arbitrator's decision is the final judge of both law and fact. *Miller*, 96 Ohio St.3d 359, 2002-Ohio-4932, 775 N.E.2d 475, at ¶ 18, citing *Goodyear Tire*, 42 Ohio St.2d at 522, 330 N.E.2d 703.

{¶ 48} Shumaker's reliance on *Allen v. Hucousky*, 10th Dist. Franklin No. 85AP-250, 1985 WL 10511, * 6-7 (Nov. 14, 1985) is misplaced. That court was presented with the unique circumstance where the parties agreed to resolve pending litigation by binding arbitration in accordance with the specific claims in the automobile-accident complaint. *Allen* at *6. The court found the arbitrator's award for property damage included "an evident material miscalculation of figures." *Id.* at *4. In addition, the complaint failed to allege special damages for loss of use, as required by Civ.R. 9(G), yet the arbitration award included loss of use damages. *Id.* at *6. The court remanded that case to the trial court for an order modifying the arbitration award to recalculate the total property damage figure pursuant to R.C. 2711.11(A) and the evident miscalculation, and to delete any award for loss of use pursuant to R.C. 2711.11(B) and Civ.R. 9(G). *Id.* at *7. None of the foregoing grounds for that court's decision are evident in the trail court's order.

26.

{¶ 49} Upon de novo review, we find that the arbitration clause contains no restriction on the remedy to be fashioned by the arbitrator, who is explicitly empowered to "resolve" such claims. We find that as a matter of law, the arbitrator ruled upon matters submitted.

{¶ 50} Shumaker's fourth and fifth cross-assignments of error are not well-taken.

### V. Conclusion

{¶ 51} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Carothers and Shumaker are ordered to equally pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                          _____
                                                                      JUDGE
Christine E. Mayle, J.

Gene A. Zmuda, J.                              _____
CONCUR.                                                        JUDGE

                                                       _____
                                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

28.